# SUPREME COURT

#### OF THE

## STATE OF MISSOURI,

OCTOBER TERM, 1853, AT ST. LOUIS.

[CONTINUED FROM VOL. XVIII.]

---

CITY OF ST. LOUIS, Respondent, *vs.* BOFFINGER, Appellant.

1. The case of the city *v.* McCoy, 18 Mo. Rep. 238, affirmed.

*Appeal from St. Louis Criminal Court.*

The defendant was convicted and fined for a violation of the quarantine ordinance of the city of St. Louis, which is set out in full in the case. of the *City of St. Louis* v. *McCoy*, 18 Mo. Rep. 239. He appealed to this court.

*F. M. Haight*, for appellant. The power to regulate commerce is exclusively vested in congress. 9 Wheat. 204. 7 Howard, 283. The transportation of passengers is as much a branch of commerce as the transportation of merchandise. 7 Howard, 405. If this be so, can it be the subject of state or municipal regulation? Congress has regulated the number of passengers a vessel shall take, coming from a foreign port. A more recent act provides for the internal commerce between the states. The power claimed in this case for the city, can-

2—VOL. XIX.

not be sustained unless as a police or sanitary regulation. It is evident that it has nothing to do with police. Nor can it be sustained as a sanitary regulation. Whether a law is a sanitary regulation is to be decided by the court, in reference to its aims and objects. It is not for the city council to create the power, by determining the exigency or by declaring what may affect the public health. The exercise of the power must be under such circumstances that the court may see, on the face of the statute, that it is connected with the prevention or mitigation of disease. This cannot be done in this case. It may be assumed that the greater the number of persons confined in a given space, the greater will be the probability of disease among them. But this can furnish no ground for preventive legislation by a municipal corporation. If there is disease, then they may interpose. Again, this ordinance is a tax on commerce. Delay is a tax. 7 Howard, 404.

*C. G. Mauro*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. Although this case comes entirely within the decision made at the last term of this court, in the case of the *City of St. Louis* v. *McCoy*, it may be well again to state the principles upon which the decision rests.

Whatever exclusiveness may be claimed for the power to regulate commerce conferred upon congress by the constitution of the United States, it is conceded, that the power exists in the different states to protect their own citizens against the introduction of diseases by the enactment of quarantine laws, although such laws will inevitably interfere to some extent with commerce. It is not necessary, in this place, to refer to the language used by the different judges of the Supreme Court of the United States, in the various cases in which this power to regulate commerce has been considered. It is sufficient to state the result, that the grant of the power to congress does not prohibit the enforcement of such state laws, and the acts

of congress themselves recognize the existence and validity of such state laws.

The only question in the present case is, whether the ordinance of the city is itself a quarantine regulation in its scope and design. If it is, this court will not enter into an examination of the question whether it is the most suitable regulation that could be adopted to protect the health of the city. If its real design is, as a quarantine regulation, to guard against the introduction of disease into the city, we will not undertake to determine whether some other measure, interfering less with commerce, could not as well have accomplished the object. The general assembly has, by the act of incorporation, entrusted the city government with the power "to make regulations to prevent the introduction of contagious diseases into the city; to make quarantine laws for that purpose, and enforce the same within ten miles of the city." In the exercise of this power, the government of the city must have a discretion as wide as that possessed by the government of the state, in choosing between different measures for accomplishing the end. When an ordinance is passed under this grant of power, it is in force by the authority of the state, and is to be interpreted and executed as if it had been passed by the general assembly. Such, at least, is its authority when the question under consideration is, whether it is inconsistent with the constitution of the United States. The ordinance now before the court is an ordinance amendatory of an ordinance entitled an ordinance establishing a permanent quarantine for the city of St. Louis, and the rules and regulations for conducting and enforcing the same. The first section provides as follows : "Section 1. The first section of the ordinance to which this is amendatory, is hereby repealed, and the following shall stand as the first section of said ordinance: Sec. 1. Any steamboat coming from New Orleans, or any point below the city of Memphis, having on board, on her arrival within the quarantine limits, or having had on board at any time during her voyage, a greater number of deck or steerage passengers than twenty for

each hundred tons register of such steamboat, between the first of April and first of November, or a greater number than thirty per hundred tons register at any other season of the year, shall be detained at the quarantine station, for the purpose of cleaning and purification, not less than forty-eight hours, nor more than twenty days, at the discretion of the quarantine officer and the board of health : provided, however, it shall be in the power of the quarantine officer to discriminate in favor of those boats which are constructed without cabins, or with only a few rooms on the upper deck, with a special view to the accommodation of a large number of steerage passengers : and in such cases, if the room thus intended for deck passengers is not occupied with freight, but is reserved for their use exclusively, fifty per cent. more passengers may be allowed than is permitted to boats not thus constructed."

It seems impossible to read this section of the ordinance without perceiving that it is founded on the experience which the city of St. Louis has had of the danger of bringing deck or steerage passengers into the city in crowded boats, particularly during the months of hot weather, and from a southern climate. It assumes that there is danger of contagious diseases being introduced into the city when the boat is crowded beyond a certain measure, whether the disease be developed at the time of approaching the city or not. The mode of determining the number that may be crowded together, without danger of disease, and beyond which the existence of danger is assumed, is by fixing a ratio according to the tonage and construction of the boat. The proportion is changed in different seasons of the year, and the whole of the ordinance applies only to boats coming from the lower Mississippi.

The court does not feel at liberty to express its views in relation to the expediency of the measure, but no doubt is entertained that the ordinance is of that description which, as sanitary measures, remain within the competency of the state government, notwithstanding their incidental interference with commerce. The violation of the ordinance is admitted in the

statement filed, and as the ordinance itself is regarded as valid, the judgment is, with the concurrence of the other judges, affirmed.