State *v.* Tryon.

was adopted by the judge in this case in his charge to the jury.

We therefore advise no new trial.

In this opinion the other judges concurred.

———————◆———————

THE STATE *vs.* JOHN R. TRYON.

The charter of a city authorized the common council to pass ordinances upon certain subjects pertaining to the police, good order and welfare of the city, and provided that a violation of certain of such ordinances should be a misdemeanor, and might be prosecuted as such before the police court of the city like other offences, which court might inflict thereon the penalty named in such ordinance, provided that no penalty should exceed the sum of fifty dollars for a single offence. Held, that the charter did not attempt to confer upon the common council the power to define and determine what should be crime, and was not therefore unconstitutional.

COMPLAINT for the violation of an ordinance of the city of New Britain against keeping a bar-room open in the night ·season ; brought to the Police Court of New Britain, appealed to the Superior Court, and tried on the plea of not guilty, before *Pardee, J.* The jury returned a verdict of guilty, and the prisoner moved for a new trial. The case is sufficiently stated in the opinion.

*W. W. Eaton* and *R. Welles*, in support of the motion.

*Hamersley*, State Attorney, and *F. L. Hungerford*, contra.

PARK, J. One section of the charter of the city of New ·Britain authorizes the common council of the city to pass ordinances respecting a great variety of subjects, which pertain to the police, good order and welfare of the city, and concludes as follows : " The violation of any ordinance or

der relative to nuisances injurious to health, illegal voting, obstructions to highways (if malicious), illegal charges of hackmen, weights and measures, or any order or ordinance designed to prevent vice, immorality, or disorder, or the resistance of officers, *shall be a misdemeanor*, and may be prosecuted as such before the police court of said city like other offences, and said court may inflict thereon the penalty named in such ordinance or order, and grant a warrant for the execution of the same; provided that no penalty or forfeiture of goods, other than such as indirectly accrue from the abatement of nuisances, shall exceed the sum of fifty dollars for a single offence."

Under this charter the common council of the city passed the following ordinance: "All bar-rooms, billiard-rooms, bowling-saloons, and all places where spirituous or intoxicating liquors are commonly kept and sold in said city, shall be closed at the hours of ten and one-half o'clock in the evening of each day except Saturday, and at eleven o'clock on the evening of each Saturday, and shall be kept closed until five o'clock in the morning of the next day; and if the proprietor or occupant of any such bar-room, or billiard-saloon, or bowling-saloon, or place where spirituous or intoxicating liquors are commonly kept and sold, shall neglect or refuse to close the same at the hour for closing aforesaid, and keep the same closed during the whole period aforesaid, he shall pay for each offence a fine not exceeding twenty-five dollars for the use of the city treasury."

The counsel for the defendant contend that the legislature had no authority under the constitution of the state to delegate power to the city council to define and determine what shall be crime; and inasmuch as the charter in question attempts to do this, the ordinance made in pursuance of the charter is therefore void.

We do not discover that the charter attempts to confer any such authority. It declares in express and direct terms itself that the violation of the ordinances of the city which may be made on certain subjects, within certain limitations, shall be a misdemeanor, and may be prosecuted as such like other

State *v.* Tryon.

offences.   All the authority that the city council have in the premises is simply to determine whether they will pass ordinances on those subjects or not.  If they pass such ordinances, it is the charter, passed by the legislature in the form of a law, and which has all the authority of a statute law, that declares that a violation of such ordinances shall be a misdemeanor.    Suppose the legislature had passed a proposed amendment to the charter of the city in the language of the ordinance in question, and had declared that, if the city council should adopt the amendment as a part of the charter of the city, it should become a part thereof, and in that case a violation of the amendment should be a misdemeanor, and might be prosecuted as such like other offences.   Would the case differ in principle from the one we have in hand ?   It may be said that the common council under this charter have authority to prescribe the penalty for a violation of the ordinance up to a certain limitation.    But the legislature have declared that the maximum penalty is none too great for a violation of the ordinance, if one should be made.   The common council may make the penalty less, but they cannot make it more, than the charter prescribes.    It is like the case where a judge of the Superior Court is called upon to fix the penalty in passing sentence for a violation of some criminal law.   In many cases he has great discretion to exercise, and it might as well be said that in the exercise of that discretion he is defining crime, as to say that the common council are doing the same thing while fixing the penalty less than the maximum degree for a violation of the ordinance in question.

We think the claim of the defendant is untenable, and we therefore do not advise a new trial.

In this opinion the other judges concurred · except CARPENTER, J., who was absent.