# HEZEKIAH G. MASON *et al.*

*v.*

# THE CITY OF SHAWNEETOWN.

77  533
154  136
77  533
62a  522
77  533
93a  ²381
77  533
102a  ² 29
77  533
214  ²105

1.  CONSTITUTIONAL LAW—*legality of vote authorizing the issue of municipal bonds.*  Where a city was authorized, by its charter, to issue its bonds for the purpose of constructing a levee, but the charter was silent as to the manner of the exercise of this power, and did not require any vote of the people to be had, as a condition to its exercise, and the city council was empowered to make all ordinances necessary to carry out the various provisions of the charter, it was *held,* that a vote had under an ordinance duly passed, upon the question of issuing city bonds for levee purposes, prior to the adoption of the present constitution, must be regarded as had in *pursuance of law,* within the meaning of the proviso to section 12 of article 19 of the constitution, and that, under such vote taken prior to the adoption of the constitution, the city was authorized to issue its bonds, notwithstanding it, in connection with prior debts, created a corporate indebtedness exceeding five per centum on the value of the taxable property of the city.

2.  ORDINANCE—*has the effect of law.*  Where an incorporated city or town is invested by the legislature with power to pass ordinances, an ordinance enacted by the legislative branch of the corporation, in pursuance of the act creating the corporation, and within the power conferred, has the force and effect of a law passed by the legislature, and can not be regarded otherwise than a law of, and within, the incorporation.

3.  MUNICIPAL CORPORATION—*powers, how exercised.*  Where a city, by its charter, is authorized to make all ordinances necessary and proper for carrying into execution the powers specified in the act, and the charter also gives a power to issue city bonds for particular purposes, but is silent as to the mode or manner in which the power shall be exercised, the manner of its exercise will be in the discretion of the city council, except that it must be done under an ordinance on the subject, and the council may provide for submitting the question to a vote of the people, and the election will be legal.

4.  INJUNCTION—*damages on dissolution.*  Where an injunction enjoining a city from the collection of taxes to pay interest on its bonds, is dissolved, the city will be entitled to reasonable damages in defending the suit; and the fact that one of its attorneys was personally interested in some of the bonds, will not deprive the city of its right to damages for the wrongful issue of the injunction.

APPEAL from the Circuit Court of Saline county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. F. M. YOUNGBLOOD, for the appellants.

Mr. W. L. HALLEY, and Mr. R. W. TOWNSHEND, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Hezekiah G. Mason and Willard Mason, in the circuit court of Gallatin county, against the city of Shawneetown and others, to enjoin the city and its officers from levying and collecting any taxes for the payment of either interest on or principal of certain levee bonds issued by the city of Shawneetown.

The venue of the cause was changed to Saline county, where a hearing was had upon bill. answers, replication and proofs, and a decree was entered dissolving the injunction and dismissing the bill, to reverse which the complainants bring the record here by appeal.

In the act incorporating the city of Shawneetown (Private Laws of 1861, page 272), section 2 of article 9 declares—

"SEC. 2. It shall be the duty of the city council, as soon as practicable after the passage and adoption of this act, to proceed and make arrangements for the construction of a levee that will so far surround the city, of a sufficient height and breadth, as to entirely prevent the future inundation or overflow of said city, or any part of it, from the waters of the Ohio or Wabash rivers; and they are hereby authorized and empowered to borrow money, at not exceeding one per cent a month interest, and to pledge the revenue of the city, together with the revenue and taxes mentioned in the first section of this article, for the payment of said money and interest thereon; and they shall issue bonds, to secure the payment of said money, with full specifications, signed by the mayor and attested by the city clerk, under the seal of the said city."

Section 3 authorizes the city council to make contracts for the construction of the levee, to appoint a surveyor to lay off

the grounds upon which the levee shall be constructed, and authorizes such repairs and alterations to be made as shall be deemed proper.

Section 2 of article 6 gives the city power to borrow money and pledge the revenue of the city for the payment thereof, provided that no sum or sums of money shall be borrowed at a greater interest than ten per cent per annum, for ordinary purposes.

Section 19, article 10, provides that no money shall ever be borrowed by the city council unless the ordinance therefor shall first be submitted and voted for by a majority of the voters voting at an election for that purpose, except for constructing or repairing a levee.

Section 22 of article 6 declares the city council shall have power to make all ordinances which shall be necessary and proper for carrying into execution the powers specified in the act, so that such ordinances be not repugnant to, nor inconsistent with, the constitution of the United States or of this State.

In pursuance of a petition presented of the property holders of the city of Shawneetown, at the regular May meeting, 1870, of the city council, an ordinance was enacted as follows:

" *Be it ordained by the city council of the city of Shawneetown,* That at the city election to be held on the 6th day of June, 1870, there shall be submitted to the legal voters of the city the following proposition: Shall the city of Shawneetown issue bonds to an amount not exceeding $50,000, to be due and payable in twenty years, reserving the right to the city to pay the same at any time after five years, with interest, payable semi-annually, at the rate of not more than ten per cent, to be applied solely to the construction of a levee that will surround the city, of a sufficient height and breadth to entirely protect the city from further inundation and overflow, at all times; the work on said levee to be given to the lowest responsible bidder for the same, after ample publi-

cation of the time and place of letting the contract. All legal voters of the city voting on this proposition shall deposit a ballot, on which shall be written or printed, 'For Levee,' or, 'Against Levee.'"

Under this law of the city, an election was held, which resulted in favor of the proposition by a large majority of the legal votes of the city.

In pursuance of the vote of the people of the city, and under the authority of the charter, the city, in March and April, 1872, issued and sold fifty of its bonds, known as "levee bonds," of the denomination of $1000 each.

It was also shown, on the trial of the cause, that, on the 1st day of January, 1872, the city delivered its bonds to the St. Louis and Southeastern Railroad Company, to the amount of $25,000.

The assessed value of property in the city, for State and county taxes, for the year 1871, was $808,060.

It is insisted by appellants that, in 1872, the city could not, under article 19, section 12 of the constitution, become indebted, for any purpose, in an amount exceeding five per cent of its taxable property as assessed for State and county taxes, and that all bonds issued in excess of $40,403 were void.

The section of the constitution upon which appellants rely declares—

"No county, city, township, school district or other municipal corporation shall be allowed to become indebted, in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness."

The section, however, contains a proviso, which is as follows:

"This section shall not be construed to prevent any county, city, township, school district or other municipal corporation

from issuing their bonds, in compliance with any vote of the people which may have been had prior to the adoption of this constitution, in pursuance of any law providing therefor."

The question to be determined is, whether the levee bonds were issued in compliance with a vote of the people of the municipal corporation, in pursuance of a law providing therefor.

It will be observed that the provision of the constitution which authorizes bonds to be issued in compliance with a vote, does not require that the vote shall be had solely under an act of the legislature of the State. The language used in the organic act is, "in pursuance of any law."

When an incorporated town or city has been invested with power to pass an ordinance, by the legislature, for the government or welfare of the municipality, an ordinance enacted by the legislative branch of the corporation, in pursuance of the act creating the corporation, has the same force and effect of a law passed by the legislature, and can not be regarded otherwise than a law of, and within, the incorporation. An ordinance is the law of the inhabitants of the municipality.

By section 2 of article 9 of the charter of the city, the city council was empowered to borrow money, and issue bonds to secure the payment, for the construction of the levee, but the charter is silent in regard to the manner in which the power given to the city to act, in this particular, shall be exercised; but by section 22 of article 6, the city council is given power to make all ordinances necessary to carry out the various provisions of the charter.

While the charter nowhere directly requires a vote of the people to authorize an issue of bonds, yet, where the manner in which the power is to be exercised is left in the discretion of the city council, with general power to act by and through ordinances, we are aware of no better or more judicious manner in which the city council could proceed to exercise the powers given them by the charter, than to enact an ordinance submitting the question to a vote of the people of the incor-

poration, for their adoption or rejection. Neither the ordinance nor the vote under it was in conflict with the charter of the city.

The city council did not assume to act under the authority given in the charter, without a vote of the people of the incorporation. The bonds issued show upon their face that they were issued in pursuance of a majority of the votes cast at an election legally held in the city, pursuant to law, on the 6th day of June, 1870.

We are, therefore. of opinion that the ordinance adopted submitting the question whether $50.000 of bonds of the city should be issued for the purpose of constructing a levee, was a law within the meaning of the constitution, and that the bonds which were subsequently issued and sold, were issued in compliance with a vote of the people of the municipality, in pursuance of a law providing therefor.

The court, in dissolving the injunction, assessed the damages sustained by the city at $200. In this. we perceive no error. It appears, from the testimony, that the city employed Mr. Townshend, an attorney, to assist the city attorney in defending the suit. The evidence further shows that his services were worth from $200 to $500. The amount assessed by the court was reasonable.

If it be true, as insisted by appellants, that the attorney was personally interested in some of the bonds, that fact could not deprive the city of the right to be compensated in damages, under the statute, for the wrongful issue of the injunction by appellants.

The decree of the circuit court will be affirmed.

*Decree affirmed.*