THE DES MOINES GAS CO. v. THE CITY OF DES MOINES ET AL.

1. **Municipal Corporations**: DELEGATION OF POWER: AUTHORITY TO LEGISLATE. The General Assembly may delegate to municipal corporations the power to enact ordinances which, when authorized, have within the corporate limits the force and effect of laws passed by the legislature of the State.

2. ——: ——: INJUNCTION. That a city has chartered a gas company, giving it the exclusive right to lay pipes through its streets and light the same for a specified compensation, does not deprive it of the right to charter another company before the first franchise shall have expired, conferring upon it similar rights and privileges, and such rights cannot be restrained by injunction.

   *Argument* 1. The fact that a contract was created by the first ordinance does not destroy its legislative character.

   *Argument* 2. After the enactment of a statute, the judiciary may pronounce it unconstitutional, but it cannot interfere to prevent its enactment by the legislature.

| 44 | 505 |
| 86 | 724 |
| 44 | 505 |
| 101 | 419 |
| 44 | 505 |
| 142 | 740 |
| f142 | 741 |

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 23.

ON the 27th day of September, 1875, the plaintiff filed a "petition in the Circuit Court of Polk county, against the

defendants, averring that in 1864 they were duly incorporated under the laws of the State of Iowa; that at about the time of the incorporation, the city council of the city of Des Moines granted to them a valuable franchise, which in substance provided that, for the term of fifteen years then next ensuing, the plaintiff should have the exclusive privilege of laying pipes for the conveyance of gas in all the streets and alleys of the city, and binding the company, in consideration of the privilege, to furnish gas in such quantities as might be ordered by the common council, for the public offices and lamps, at a price not exceeding three dollars per thousand cubic feet. It was further provided that within a specified time the company should commence its laying of pipes, and complete them by a fixed time, and that the company should thereafter furnish gas to the city and its citizens, as might be needed, and of a certain specified quality. The ordinance further provided that, upon the expiration of the time fixed by the franchise, the company should have equal rights with other organizations thereafter to be established, for the manufacture and supply of gas within the city. The bill further averred acceptance by the company of the ordinance and its amendments, and that thereafter the plaintiff, in accordance with the provisions of its charter and the franchise, erected large and valuable works for the manufacture of gas, and expended many thousand dollars in the purchase and construction of the necessary materials and fixtures for gas making; that within the time prescribed the company commenced the manufacture of gas, and have continued its manufacture, and to supply the city and its citizens from that time to the present; that the plaintiff is now and ever has been ready and willing to furnish, and in fact at the time of filing the petition was furnishing, gas under the provisions of the franchise and in accordance with the provisions of its charter, but, notwithstanding these facts, the common council are attempting, and will, unless restrained by the court, repeal, or attempt to repeal, the ordinance and amendments thereto, by which the franchise and rights thereunder were acquired, and violate and abandon the contract by it made; that the repeal

will destroy the value of the property referred to; that by the terms of the ordinance introduced, by which the repeal of the franchise is sought to be effected, the city in effect contracts with other parties to supply to the city and its citizens gas at three dollars per thousand feet for the term of fifteen years, next ensuing; that the ordinance, introduced for the purpose of repealing the grant of the right to supply gas, is upon its passage, and will, as the plaintiff believes, be passed at a meeting to be held on the 23d day of September, 1875."

The defendants filed an answer which admitted the passage of the ordinance of 1864, and sets out a copy thereof; and " avers that the council had no power in law or fact to grant the exclusive privilege claimed, and that the alleged exclusive privilege is contrary to public policy, illegal and void;" admits the erection of gas works, and that the company has supplied gas; denies the investment of money to the amount alleged; denies that plaintiff has complied with conditions of the ordinance, and specifies violations and failures; denies any duty on the part of the city to continue to take gas of plaintiff; admits the pendency of the ordinance, the passage of which it is sought to enjoin and sets out a copy of the same, and " admits for the purposes of this suit that, subject to amendment," the ordinance would pass; and avers that the council had full power and authority to pass the ordinance; denies that thereby there would be any violation of plaintiff's rights; avers that the council has full power to repeal the ordinance of 1864 and its amendments.

Afterward a motion was filed to dissolve an injunction that had been previously granted on the grounds that the city council never had any authority to grant the plaintiff the exclusive right to furnish gas, and use the streets and alleys for such purpose, and that said ordinance was therefore null and void, and the court had no power to interfere by injunction to prevent the passage of the ordinance enjoined. This motion was sustained and the plaintiff appeals.

*Bissell & Crane* and *C. C. Cole*, for appellant.

*Seward Smith, R. N. Baylies* and *McHenry & Bowen,* for appellees.

SEEVERS, CH. J.—I. Conceding the ordinance of 1864, upon its acceptance by the plaintiff, amounted to a contract, whereby the city agreed to take of the plaintiff all the gas consumed in public buildings and lamps, and pay therefor a price fixed by the ordinance for a term of years which has not expired, and further conceding the city is about to repeal said ordinance; and so far as it can by the passage of another ordinance deprive the plaintiff of the benefits of said contract, the question whether the passage of such subsequent ordinance can be prevented by injunction, or, in other words, whether the courts have jurisdiction or the power to restrain by injunction, under the circumstances above stated, the passage of the proposed ordinance, is fairly presented.

At the time the ordinance under which the plaintiff claims was passed, the city had, and now has, the "power to lay off, open, widen, straighten, or to narrow or vacate, or extend and establish, to keep in order and repair, and to light, streets, alleys, public grounds, wharves, landing places, and market places * * *." Rev., § 1064, Code, § 464, and "power to make and publish from time to time ordinances * * * as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, comfort, and convenience of the corporation, and the inhabitants thereof. * * *." Rev., § 1071, Code, § 482.

It will be readily seen the city had ample power to pass the ordinance under which the plaintiff claims, and that it was a proper exercise of corporate authority, unless the grant of the exclusive privilege therein contained rendered it void, and also that it now has the requisite authority to pass the ordinance sought to be enjoined, unless prohibited from so doing by reason of the existence of the former. Counsel for the appellant concede, if the proposed ordinance is a *rightful* exercise of legislative authority, that its passage cannot be prevented by injunction.

There can be no doubt but that it is competent for the Gen-

eral Assembly to delegate to corporations of this character the

**1. MUNICIPAL corporations: delegation of power: authority to legislate.** power to enact ordinances "which, when authorized, have the force and effect of laws passed by the legislature of the State within the corporate limits. 1 Dillon on Municipal Corporations, § 245. Within the sphere of their delegated powers municipal corporations have as absolute control as the General Assembly would have if it never had delegated such powers and exercised them by its own laws. *Taylor v. Carondelet*, 22 Mo., 110; *Heland v. Lovel*, 3 Allen, 408.

If the corporation is empowered, and if it deems the public welfare requires it, to open streets or make public improvements therein, its determination, whether wise or unwise, cannot be judicially reversed or corrected. 1 Dillon on Municipal Corporations, § 50. The discretion of such corporations within the sphere of their powers is as wide as that possessed by the government of the State. *City of St. Louis v. Boffinger*, 19 Mo., 15. And discretionary powers are to be exercised according to their judgment as to the necessity or expediency of any given measure. *Kelley v. Milwaukee*, 18 Wis., 85.

Does the fact that the ordinance under which the plaintiff claims amounted to a contract in any wise affect the question?

**2. ——: ——: injunction.** It is believed to be true that an ordinance or by-law is the basis or foundation stone upon which all contracts made by these corporations must rest. They may contract directly by ordinance or thereby authorize some officer or agent to contract for them. In the present case the former mode was adopted, but certainly this did not destroy the rightful legislative character of the act.

The General Assembly is a co-ordinate branch of the State government, and so is the law-making power of public municipal corporations within the prescribed limits. It is no more competent for the judiciary to interfere with the legislative acts of the one than the other. But the unconstitutional acts of either may be annulled. Certainly the passage of an unconstitutional law by the General Assembly could not be enjoined. If so, under the pretense that any proposed law was of that character, the judiciary could arrest the wheels of legislation.

Had the ordinance under which the plaintiff claims been enacted by the General Assembly, and the plaintiff acquired thereunder the same rights as under the ordinance, and the General Assembly thereafter attempted to enact a law in substance like the ordinance sought to be enjoined, could the judiciary interfere and by injunction restrain the action of the General Assembly on the ground that the law if enacted would "impair the obligation of contracts?" After its passage the judiciary may declare the law unconstitutional. *Piqua Bank v. Knoop*, 16 How., 369; *Dodge v. Woolsey*, 18 Id., 331, but previous to that time judicial powers cannot be invoked.

*Dodge v. Woolsey* clearly demonstrates that the interference of the judiciary is unnecessary to protect the rights of the plaintiff.

If the ordinance sought to be enjoined is void, by reason of its unconstitutionality, the plaintiff can be in no wise injured by its passage. A void law is no law, and this without doubt is true as to an ordinance. No injury, much less one of an irreparable character, can be inflicted by such an ordinance.

. The fact that the ordinance sought to be enjoined amounts to a contract with another gas company by no means deprives it of its legislative character. These corporations must be permitted to promote the welfare of the inhabitants thereof in their own way, so far as the form their respective ordinances shall assume is concerned.

Suppose the city had determined to put in gas works, to be owned and controlled by the city, and thereby supply the public lamps and buildings with gas, and by ordinance so provided; could such an ordinance be enjoined, or would this have been rightful legislation? and because the city chose by ordinance to contract with some one to do the same thing, does that make it wrongful?

No such distinction can be drawn. The substantial thing of which the plaintiff complains is that it is about to be deprived of the benefits of the contract, and not as to the form in which the attempt is to be made.

The only cases cited by counsel for the plaintiff, which apparently conflict with the views herein expressed are *The People*

*v. Sturtevant*, 9 N. Y., 263, and *Davis v. The Mayor*, 14 N. Y., 506. The former grew out of and is based on the latter. In the latter the power to enjoin a city council from by ordinance creating a public nuisance in the streets was affirmed. It is unnecessary to commit ourselves to this doctrine. There is, however, a clear distinction between the case cited and the one at bar. For it never can be a rightful subject of legislation to create a public nuisance, and if the passage of an ordinance, without more, created the nuisance, the mischief resulting therefrom might be irreparable, and we are not prepared to say its passage could not be enjoined.

While it is not the province of the judiciary to interfere and arrest the passage of the ordinance, yet the doors of the courts are open for the purpose of testing its legality, and therefore the plaintiff is by no means remediless.

II. It is claimed by counsel for the appellees that the ordinance under which the plaintiff claims is void, because of the exclusive privilege therein granted, and also that it provides for its own repeal in certain contingencies, which it is claimed have happened.

For the reason that it is unnecessary, and because counsel for appellant have not, owing no doubt to an intimation from the court at the time the motion to arrest the defendants for contempt, in disobeying the injunction, was determined, fully argued these questions, no determination thereof is made.

The ruling of the Circuit Court dissolving the injunction is

AFFIRMED.