HEARD APRIL TERM, 1878.

CASE No. 662.

THE STATE, EX REL. ALICE BURTON, v. ALFRED WILLIAMS, INTENDANT, AND JAMES COHEN, MARSHAL OF THE TOWN OF BEAUFORT.

THE STATE, EX REL. JOHN H. PAGE, v. THE SAME.

1. An ordinance to prevent the keeping of a bawdy-house is clearly within the scope of the powers conferred upon a municipal corporation, whose charter authorizes "by-laws, rules and regulations * * * for preserving peace, order and good government."

2. The intendant of a town, "vested with all the power and jurisdiction given to trial justices of this state," and authorized to "hold court for the trial of violations of town ordinances," and "to punish by fine or imprisonment, in his discretion, or both," has power to try all violations of the town

ordinances, although such violation may involve a common law offence. And it seems he may summon and impanel a jury, when demanded.

3. Such trial by the intendant being "provided for by law," is not the trial of a case within the exclusive jurisdiction of the Court of General Sessions, under Article IV., Section 18, of the constitution.

4. Every ordinance passed by a municipal corporation under the powers conferred by its charter, and within the limits prescribed, derives its authority from the legislative power of the state, and has the force and effect of a legislative act within the municipality. *Semble.*

5. When the same act violates two statutes, it involves two offences, for which two punishments may be inflicted. *Semble.* Cases referred to, and the authority of *Schroeder* v. *City Council,* 3 *Brev.* 553, questioned.

Before WIGGIN, J., at Beaufort, July, 1877.

The opinion of the court states all matters necessary to a full understanding of the case. The writ of prohibition was refused by the Circuit judge, and the relators appealed.

*Mr. W. J. Verdin* and *Mr. Thomas G. White,* for appellants.

*Mr. William Elliott,* for respondents.

November 30th, 1878. The opinion of the court was delivered by

McIVER, A. J. The case first above stated was an application for a writ of prohibition, restraining the respondents "from any further proceedings" in a prosecution against the appellant for keeping a bawdy-house within the corporate limits of the town of Beaufort. It appears that the appellant was tried before the intendant of said town, upon a charge of keeping a bawdy-house, in violation of one of the ordinances of the town, and, upon conviction, was sentenced "to imprisonment for thirty days in the guard-house, or to pay a fine of twenty-five dollars and costs, or to work thirty days for the town, and that said relator thereupon paid said fine, subject to appeal to council." Whether any steps towards such appeal were taken does not appear; but the relator applied for a writ of prohibition, upon the ground that the intendant had no jurisdiction to try such a case; and this is the only question which we are called upon to consider.

T

To determine this question it is only necessary to inquire whether the charter of the town conferred the authority to pass the ordinance under which the appellant was tried, whether the ordinance was passed by the town council, and whether the charter, or any other act of the legislature, conferred upon the intendant the right to try and punish persons who might violate such ordinance; for nothing can be plainer than that the legislature has the right to confer legislative power upon the various municipal corporations which have been or may be established, for the purpose of enabling them to carry into effect the objects for which they are created. *Heisembrittle* ads. *City Council*, 2 *McM.* 233; *City Council* v. *Ahrens*, 4 *Strob.* 241; *Heise* ads. *Town Council*, 6 *Rich.* 404.

It is very manifest that all these inquiries must be answered in the affirmative. The original charter of the town of Beaufort, granted in 1803, (8 *Stat.* 218,) expressly confers upon the town council the power " to make and establish such by-laws, rules and regulations    *    *    *    that shall appear to them requisite and necessary for the security, welfare and convenience of the said town, or for preserving peace, order and good government within the same." The act of 1872, (15 *Stat.* 136,) amending the charter of said town, confers the same powers, in much the same language, the limitation being that such by-laws and ordinances shall not be inconsistent with or repugnant to the laws of the state, and shall at all times be subject to revisal or repeal by the general assembly of the state.

Certainly every one will admit that an ordinance to prevent the keeping of a bawdy-house within the limits of the town is an ordinance tending to the preservation of " peace, order and good government" in said town, and, therefore, clearly within the scope of the powers conferred by the charter.

Finally, the act of 1874 (15 *Stat.* 647) declares in Section 2, " That the intendant or acting intendant of said town is hereby vested with all the power and jurisdiction given to trial justices of this state, and may hold court for the trial of violations of town ordinances, and may punish by fine or imprisonment, in his discretion, or both."

From this review of the acts of the legislature, it is very

clear that the legislature had conferred upon the town council the power to pass such an ordinance as the one under which the relator was tried and convicted, and that power had been vested in the intendant to try this, as well as all other violations of the ordinances of said town; and the fact that such ordinance was duly passed by the town council is not disputed, the same being set out in full in the "case."

It is argued, however, that as the offence of keeping a bawdy-house is indictable at common law, it cannot be indictable before a trial justice, but that the Court of General Sessions has exclusive jurisdiction under Article IV., Section 18, of the constitution. So much of that section as relates to this matter reads as follows: "The Court of General Sessions shall have exclusive jurisdiction over all criminal cases which shall not be otherwise provided for by law." Hence, in order to bring any case within the *exclusive* jurisdiction of the Court of Sessions, it will be necessary to show that the trial of such case has not been "otherwise provided for by law." But, as we have seen, the trial of the case under consideration has been "otherwise provided for by law," and hence it is not within the exclusive jurisdiction of the Court of Sessions.

Again, it is argued that if the town authorities can take jurisdiction of a common law offence simply because they have adopted an ordinance prohibiting such offence under a specific penalty, then one of the two results must follow: either the municipal authorities have the power to change the common law, or a party may be subjected to being twice tried and punished for the same act. For if the trial and conviction under the ordinance operates as a bar to the trial under the common law, then the ordinance operates a change in the common law, by mere municipal authority; but if it does not operate as a bar, then the offender is liable to be twice punished for the same act —and either of these results, it is contended, is too monstrous to be for a moment contemplated. In reference to this argument it is only necessary to say that the case as presented here does not necessarily involve the consideration of any such questions. It may be as well, however, to say that if it should be held that the ordinance operated a change in the common law, such change

would not be effected by *mere municipal* authority; for every ordinance passed by a municipal corporation, under the powers conferred by its charter, derives its authority from the legislative power of the state, and not merely from the municipal authority passing it; and hence, unless it is passed in pursuance of authority granted by the law-making power of the state, it has no force or effect whatever; but when so passed, it does have the force and effect of a legislative act, within the limits prescribed for it. And of the other result—that of subjecting an offender to two punishments for the *same act,* not the *same offence*—it may be said that it is not so monstrous as might at first be supposed, inasmuch as we find that our own courts have decided that for the *same act* a man may be twice punished, because, by the *one act,* he has violated *two* distinct statutes of the state, committed two distinct offences, and is therefore liable to *two* distinct punishments. *State* v. *Sonnerkalb,* 2 *N. & McC.* 280; *State* v. *Glasgow, Dud.* 40; *State* v. *Taylor,* 2 *Bail.* 49. It is true that in the case of *Schroeder* v. *City Council,* 3 *Brev.* 533, Nott, J., did say that an ordinance of the city council of Charleston, imposing a penalty for selling spirituous liquors without a license, could not stand, because the legislature had imposed a different penalty for the same offence. The question, however, does not seem to have been discussed in that case, and was not essential to the case made. This case does not seem to have been subsequently followed, and, on the contrary, the cases of *Heisembrittle* ads. *City Council,* and *City Council* v. *Ahrens, supra,* necessarily imply that such an objection to the ordinance would not then have been sustained. In *Heise* ads. *Town Council, supra,* O'Neall, in his Circuit decision, uses this language: " That the by-laws of a corporation must be subordinate to, and not in conflict with, the statute law cannot be denied. I confess I don't perceive how an ordinance, imposing a fine for doing an act within the corporate limits, which the legislature have declared to be unlawful, can be said to conflict with such law. Both can very well stand together, and both may be enforced—one as against a corporator, and the other against him as a citizen. My great respect for any decision made by Judge Nott has made me hesitate much on this point. Unquestionably the case of *Schro-*

der v. City Council, 3 Brev. 553, did rule that an ordinance imposing a fine for an offence which had been, by the legislature, subjected also to a fine, could not stand. On looking to that case, however, it appears that only three out of six judges heard the case, and two gave the judgment—the third dissenting. Under such circumstances, as my judgment is clear against the decision, I am not bound to follow it." As Heise's case turned upon another point—the want of power in the town council to adjudge a forfeiture—the question with which we are concerned was not considered by the Court of Appeals. But as that court went beyond the case, and declared that the imposition by the town council of five fines for selling spirituous liquors contrary to one of the ordinances of the town, amounting in the aggregate to a sum beyond their jurisdiction, though each fine was within the amount of their jurisdiction, was not irregular simply because the fines were imposed at one sitting of the council, we must conclude that the court agreed with Judge O'Neall on the question we are considering. Otherwise, they would have declared the imposition of the fines void upon the ground taken by Judge Nott, especially as one of the grounds of appeal taken by the relator raised that very question. By reference to the following cases it will be seen that this question has been decided elsewhere in conformity with the view presented by Judge O'Neall in Heise's case. McLaughlin v. Stephens, 2 Cranch C. C. R. 148; United States v. Holly, 3 Cranch C. C. R. 656; Hamilton v. State (Texas), 6 Reporter 476. See also Cooley on Const. Lim. 198–9.

Again, it is urged that the relator was entitled to a trial by a jury, and that this she could not get on her trial before the intendant. It may be observed that there is no evidence whatever before us that the relator demanded a jury. But if she had made such demand there would have been no difficulty in obtaining a jury. The intendant, as we have seen, is invested with all the powers of a trial justice for the trial of violations of town ordinances, and as one of the powers of a trial justice is to summon a jury when demanded, and the mode of proceeding by which a jury may be obtained, is pointed out in Section 31 of Chapter XXV., General Statutes, p. 200, it is difficult to see

how this objection can avail the appellant. It may be that the intendant erred in imposing the sentence, by requiring, as one of the alternatives, that the relator should "work thirty days for the town," but as the right of appeal from the sentence is expressly reserved to the defendant by Chapter XXV., Section 34, General Statutes, p. 201, such error, if any it be, might have been corrected in that way, and would not constitute ground for prohibition. Indeed, no such ground is taken in this case, and the matter is only adverted to for the purpose of showing that it would not have availed the relator even had it been properly taken.

The case of *State, ex rel. John H. Page,* v. *Alfred Williams,. Intendant, and Joseph Cohen, Marshal of the town of Beaufort,* depends upon the same facts and must be governed by the same legal principles.

The judgment of the Circuit judge, in both of the cases, is affirmed.

Appeal dismissed.

WILLARD, C. J., and HASKELL, A. J., concurred.