HERMAN MERRELL, *Appellant, v.* CITY OF ST. PETERSBURG, A MUNICIPAL CORPORATION, AND THE STATE OF FLORIDA, *Appellees.*

Division B.

Opinion Filed May 4, 1926.

*Herman Merrell,* for Appellant;

*A. S. Bradley* and *O. K. Reaves,* for Appellee.

BUFORD, J.—This case comes to this Court on appeal from a final decree entered in the Circuit Court of Pinellas County, validating a bond issue in the sum of $490,000.00 proposed to be issued by the City of St. Petersburg, Florida, to provide for the payment for certain public improvements to-wit:

"Four Hundred and Ninety Thousand Dollars ($490,000.00) for the acquisition by purchase, dedication, condemnation or other lawful means of a street to be opened, constructed, paved, curbed laid out and paid for, and the paving and curbing of any portion acquired or to be acquired, over, thru and across the following described property in the State of Florida, County of Pinellas and City of St. Petersburg.

Beginning at a point on the West line of Capac Street two hundred and seventy feet (270') North of the center line of Central Avenue thence West on a line parallel with Central Avenue a distance of nine hundred and sixty-four and four-tenths (964.4') feet to the East line of Ninth Street North thence North one hundred feet (100') along the East line of Ninth Street North thence East on a line parallel to Central Avenue a distance of Nine Hundred and Sixty four and four tenths (964.4')

feet to the West line of Capac Street thence South
along the West line of Capac Street one hundred
(100') feet to point of beginning.''

There are four (4) assignments of error as follows:

''1. The Court erred in admitting improper evidence on
behalf of the plaintiff, against the objection of this de-
fendant.

''2. The court erred in rejecting proper evidence offered
on behalf of this defendant.

''3. Said judgment and decree is not sustained by the
evidence and is contrary to the evidence.

''4. The Court erred in rendering the said judgment
validating the bonds described in the petition in said
cause.''

It will not be necessary to consider any except the
fourth assignment of error.

Chapter 6772, Acts of 1913, Laws of Florida, established
the City of St. Petersburg under a commission form of
government. The Act provided a City Charter and pre-
scribed the powers, duties and jurisdictions of the City and
of its officers. Section 115 of the Act was as follows:

''This Charter may be amended by a majority
vote of the qualified electors of the City of St.
Petersburg, Florida, voting upon such amend-
ments.

''The provisions of this Charter, with respect to submis-
sion of legislation to popular vote by the initiative, or by
Board of Commissioners of its own motion, shall apply to
and include the proposal, submission and adoption of
amendments. The Board of Commissioners may make
further regulations for carrying out the provisions of this
article, not inconsistent herewith.

"All laws and parts of laws, both local and general, in conflict with the provisions of this Act, or Charter, are expressly repealed.

"All ordinances now in full force and effect in the City of St. Petersburg, Florida, shall remain in full force and effect under this Charter unless repealed.

"This Act or Charter shall take effect immediately upon its approval, and signed by the Governor."

In 1915 the legislature passed a General Act authorizing cities and towns to amend their Charters and to adopt Charters for their Government. See Chapter 6940, Laws of Florida, 1915. Section one of this Act reads as follows:

"Every city and town in the State of Florida, whether incorporated by a special act or under the general laws of the State relating to cities and towns, shall have the power, in the manner herein prescribed, to alter or change the numbers, powers, duties, compensation, terms of office, and the time and manner of election or appointment of any and all officers and boards, whether created by or recognized in State legislation or ordinances, to abolish any or all officers and boards whether created by or recognized in State legislation or ordinances, and to create such offices and boards as may be deemed proper for the government of such city or town, and to provide the manner of their election or appointment, and to otherwise determine the manner in which its corporate powers shall be exercised, by amending its charter, or adopting a new charter, consistent with the Constitution and the general laws of the State; or whenever a city or town has, by special laws, greater or more extensive powers than those conferred on cities and towns by the general laws of the State, then and in that case, consistent with such special laws giving such city or town special powers and in other respects consistent

with the Constitution and general laws of the State; Provided, however, that this Act shall not be so construed as to authorize any city or town to enlarge its corporate powers beyond the limitations prescribed by law, except it may extend its territorial boundaries as provided by law.''

Neither section 115 of Chapter 6772 nor section one of chapter 6940, Laws of Florida, authorized any City or Town to enlarge its corporate powers beyond the limitations prescribed by law, which are clearly indicated by the language used in the quoted section of each of the Acts.

This Court in discussing the authority of municipal corporations existing under the provision of Chapter 6940 *supra*, speaking through Mr. JUSTICE ELLIS, in the case of Pursley v. City of Fort Myers, 87 Fla. 432, 100 South. Rep. 366, in part say:

''Under the doctrine of the separation of the powers of government the law-making function is assigned exclusively to the Legislature. The generally recognized rule is that any attempt to abdicate it in any particular field, although valid in form, is unconstitutional and void. It is a cardinal principle of representative government that except when authorized by the Constitution, as may be the case in reference to municipal corporations, the Legislature cannot delegate the power to make laws to any other authority or body. 6 R. C. L. 164; State v. Butler, 105 Me. 91, 73 Atl. Rep. 560, 18 Ann. Cas. 484, 24 L. R. A. (N. S.) 744; State ex rel. Mueller v. Thompson, 149 Wis. 488, 137 N. W. Rep. 20 Ann. Cas 1913C 774, 43 L. R. A. (N. S.)339; Wyeth v. Board of Health of City of Cambridge, 200 Mass. 474, 86 N. E. Rep. 925, 128 A. S. R. 439, 23 L. R. A. (N. S.) 147, and other authorities, cited.

''Section 8 of Article VIII of the Constitution empowering the Legislature to establish and to abolish municipalities, to provide for their government and to prescribe their

jurisdiction and powers and to alter or amend the same at any time is an exclusive assignment of power to the Legislature. But it is well settled that the delegation of legislative power over a limited section of the State to a municipal corporation is constitutional but the class of powers so delegated must be such as have reference to matters which form appropriate subjects of municipal regulation. 19 R. C. L. 799; See Stoutenbough v. Hennick, 129 U. S. 141, 32 L. Ed. 637; 9 Sup. Ct. Rep. 256; Burton v. Williams, 11 S. C. 288; Taylor v. Carondelet, 22 Mo. 105; Heland v. City of Lowell, 3 Allen (Mass.) 407, 81 Am. Dec. 670; City of St. Louis v. Boffinger, 19 Mo. 13; State v. Tryon, 39 Conn. 183; Mason v. Shawneetown, 77 Ill. 533; Des Moines Gas Co. v. City of Des Moines, 44 Iowa 505; State ex rel Mueller v. Thompson, *supra.*

"Municipalities have no inherent power to enact ordinances. If the power is not expressly given it is implied as incident to the incorporation of the city or town; but the authority of the ordinance passed is derived from the legislative power of the State. While this view finds support in what may be considered the decided weight of authority in this country, and with which this court is in harmony, yet it has adhered to the doctrine of municipal liberty in the administration of local affairs so far as the same is consistent with the provisions of our Constitution vesting in the Legislature the power of prescribing the jurisdiction and powers of municipalities. See Kaufman v. City of Tallahassee, 84 Fla. 634, 94 South. Rep. 697.

"But this court has never held that the Legislature can delegate unlimited authority to a municipality to prescribe its own jurisdiction and powers and to alter or amend the same at any time. It cannot surrender the sovereignty of the State to municipalities to the extent of losing control over them. Such a doctrine, said the Supreme Court of

Oregon in Straw v. Harris, 54 Ore. 424, 103 Pac. Rep. 777, would be a recognition of a State's independent right of dissolution.

"The case of City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769, in no wise contravenes this doctrine.

"The case of Munn v. Finger, 66 Fla. 572, 64 South. Rep. 271, is not authority for the proposition that any such attempt on the part of the Legislature is consistent with either the spirit or letter of the Constitution. In that case the Legislature, by Chapter 6363, Acts of 1911, made elaborate provisions for a municipal government for the City of Lakeland, and by Section 70 provided that the city should be authorized at any future time to establish a commission form of government and to elect its commissioners by popular vote as it may determine. The Act merely provided for a change in the method of government for the city from an aldermanic form to the commission form of government. The court said that the purpose of the act was that in the event of a change in the form or method of government the commissioners would exercise the authority theretofore vested in the mayor and city council; it saw no constitutional objection to the exercise by the Legislature of such power.

"In the Bowden case, *supra*, the City of Jacksonville, under Chapter 6705, Laws of Florida, 1913, proposed by ordinance to transfer powers which by statute were vested in the bond trustees, the city council. The court held that in so far as Chapter 6705 permitted the exercise of such powers it was not unconstitutional as a delegation of legislative power."

The right of a municipal corporation to issue bonds is not an inherent right but is a right acquired by the corporation through legislative authority. The City of St. Petersburg was authorized by its Charter, chapter 6772, Laws of

Florida, Acts of 1913, to issue and sell bonds for municipal improvements of every nature and kind.

Before a municipal corporation is authorized to issue its bonds it must be shown affirmatively that all these things which the Legislature shall have required to be done as a prerequisite to such authority have been done in the manner prescribed by the legislature, if a particular manner has been prescribed by the legislature. Section 11 of chapter 6772 *supra* is as follows:

"All legislation and appropriation of money shall be by ordinance, save where there is a special fund created for a particular purpose, and payment from such funds shall be made on orders of the Board of Commissioners, except as specified in Section 56.

"Every ordinance and resolution shall be in writing and be read in full at a meeting of the Board of Commissioners before a vote is taken thereon and upon every such vote, the yeas and nays shall be called and recorded."

Section 14 of the same Act is as follows:

"Every ordinance other than emergency ordinances shall have three readings, no more than two of which shall be on the same day, and shall be published in a daily newspaper, once before its passage. At least three days shall elapse between the introduction and passage, except as otherwise provided in this Charter.

"Every ordinance appropriating money in excess of $500.00, and every ordinance and resolution authorizing the making of any contract involving liabilities on the part of the city in the excess of $500.00 shall be published at least once in some newspaper in St. Petersburg before its passage, except on an emergency ordinance or resolution.

"An emergency ordinance or resolution may be enacted without previous publication and filing providing it contains a statement of its urgency."

On December 28, 1916, the City of St. Petersburg, under authority of Chapter 6940, Acts of 1915, Laws of Florida, adopted what is called a "Self-made" Charter; section 67 of such Charter provides as follows:

"Legislation and Appropriation. The Board of Commissioners shall act only by ordinance or resolution."

Section 69 provides as follows:

"Ordinances and Resolutions. The Board of Commissioners shall pass ordinances and resolutions only by taking the ayes and naes, which shall be entered in its minute book.

"Form.

"(a) Every ordinance and resolution shall be in writing, and shall be read in full at a meeting of the Board before a vote is taken.

Title.

"(b) The title of every ordinance shall be clearly set out, and no ordinance, except one making appropriation, shall contain more than one subject.

Enacting clause.

"(c) The enacting clause of all ordinances shall be: 'The City of St. Petersburg does ordain.'

"Readings.

"(d) No ordinance shall be passed until it has been read in an open Commissioners' meeting three times. Between the first and second reading at least two weeks shall elapse. The title and synopsis of the ordinance shall be published in a newspaper published in the City of St. Petersburg immediately after its first reading; and said ordinance shall be published in full within five days after adoption.

"Certification.

"(e) All ordinances, after being duly passed by the Board of Commissioners shall be certified to the Mayor, by the Clerk of the Board.

"'Signing and attesting.

"'(f) The Director of Finance shall, with the Mayor, sign and attest all ordinances and resolutions; provided, that if the Mayor or Director of Finance neglect or refuse to sign any such ordinance, it shall become a law without such signatures at the expiration of twenty days from passage, except as otherwise provided herein.

"When effective.

"'(g) All ordinances shall become effective twenty days after passage, except otherwise provided herein.

"Recording and numbering.

"'(h) Every ordinance, after its enactment, shall be numbered and recorded in a book kept for that purpose and properly indexed, which record shall be attested by the Director of Finance.

"Amendment and repeal.

"'(i) No ordinance shall be amended or repealed except by ordinance. And the section or sections which it is proposed to alter shall be printed in full, together with the section or sections which it is proposed to adopt."

Section 14 of Chapter 6772 *supra,* confers power and jurisdiction on the City Commissioners and fixes the procedure which must be followed by the municipality in its establishment of valid ordinances; it contains the salutary statutory provision that each ordinance shall be published in a daily newspaper once before its passage.

Section 69 of the "Self-Made" Charter adopted December 28, 1916 attempts to extend the powers of the City and to authorize the passing of an ordinance without the necessity of publishing the ordinance in a daily newspaper once before its passage and in lieu thereof attempts to provide "The title and synopsis of the ordinance shall be published in a newspaper published in the City of St. Petersburg immediately after its first reading; and said

ordinance shall be published in full within five days after adoption." This appears to be a futile attempt to authorize the City Commissioners to adopt ordinances without complying with the statutory provisions fixed by the Act of legislature. The Charter of December 28, 1916 was amended August 12, 1919, and again August 14, 1923; but said amendments did not affect section 96 of the Charter adopted December 28, 1916, and did not attempt to further restrict or enlarge the power conferred by section 14 of Chapter 6772, Acts of 1913.

The allegations of the petition together with the exhibits attached thereto affirmatively show that the requirements of the Statutes were complied with in regard to the publication of the ordinance in a daily newspaper published in St. Petersburg once prior to its passage and that the title and synopsis as required by section 69 of the Charter of December 28, 1916 was published immediately after its first reading. And that all other legal requirements have been met.

The proof submitted sustains the allegations of the petition.

The plaintiff in error has challenged the sufficiency of the synopsis published.

On the authority of the opinion in the case of Pursley v. City of Fort Myers *supra,* we hold that Section 69 of the Charter adopted December 28, 1916 was in conflict with Section 14 of Chapter 6772, Acts of 1913, and is therefore invalid.

We are of the opinion that the questions submitted to the voters was so related as to be properly submitted jointly. The only other question which presents itself for consideration is: What is the effect of Section 21 of the "Self-Made" Charter the City of St. Petersburg adopted August 14, 1923, which reads as follows: "Preceding every

election held in the City of St. Petersburg, there shall be a new registration of qualified electors as provided by ordinance.'' If the construction contended for by Appellant is correct then the section is void because it is in conflict with section 26 of Chapter 6772, *supra*, which is as follows:

''Any person who shall possess the qualifications requisite to an elector at general State elections and shall have resided in the City of St. Petersburg, three months next preceding the election, and shall have been registered in the Municipal Registration Book, as prescribed by ordinance shall be a qualified elector of said city at any election general or special, held in said city.

There is no authority authorizing the provisions of a Self-adopted Charter to supersede and entirely nullify the provision contained in the legislative enactment. Pursley v. City of Fort Myers, *supra;* also section 1971, R. G. S. of Florida.

It appears that the issue of bonds here in controversy has been lawfully authorized and the order of the Circuit Court validating the bond issue is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.

BUFORD, J.—When the original opinion in this case was filed, the Court conceived the record to show that the publication of the ordinance, the validity of which was attacked in this suit, was published in full one time before passage of the ordinance.

Petition for rehearing was filed in which the attention of the Court was called to the fact that the publication of the ordinance in full as shown by the record occurred after the date of passage of the ordinance.

The law applicable to the case is stated in the original opinion but the conclusion reached was based upon the premises that the record showed that Section 14 of Chapter 6772, Laws of Florida, Acts of 1913, had been complied with when in truth and in fact such showing was not made by the record.

It therefore appears that the issue of bonds, the validity of which is tested by the issues in this suit, has not been lawfully authorized and the order of the Circuit Court validating the bond issue is therefore reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.