ACORN WOOD REALTY, INC., *et al.*, v. OLD COLONY TRUST Co. and CORNELIUS A. WOOD, Executors, etc.

151 So. 533.
Division B.
Opinion Filed December 20, 1933.

*Edwin T. Osteen,* for Appellants;
*Coleman & Cook,* for Appellees.

BUFORD, J.—Co-executors filed suit to foreclose a mortgage which they held as the executors of the estate of William M. Wood.

Old Colony Trust Company is a foreign corporation not authorized to do business in the State of Florida and, being a trust company, it is prohibited under the laws of this State from qualifying as a foreign corporation to do business in the State of Florida.

It is contended that because this executor, Old Colony Trust Company, is a foreign corporation it must comply with Section 6145, C. G. L., being Chapter 8531, Acts of 1921, as amended by Chapter 8297, Acts of 1923.

The chancellor held that the suit might be maintained and entered final decree in favor of the plaintiffs.

It is probably immaterial whether Old Colony Trust Company could or could not maintain the suit, because it was

joined in the suit by a co-executor as to whose right to maintain the suit is not questioned, and if, because of a statutory inhibition, one of two co-executors is not qualified to function in behalf of the estate, we know of no reason why the other co-executor may not be considered in the light of a surviving executor and exercise all the functions necessarily to be exercised by executors in the premises. Section 3748, R. G., S., 5621 C. G. L.

But in this suit we may adopt the premise that Old Colony Trust Company possesses a dual entity, one being that of a corporation trust company and the other being that of an executor appointed under a will. Here the corporation appears in its capacity as executor and not in its capacity of a trust company purporting to do business in the State of Florida.

Section 6145, *supra,* is embraced amongst the statutes defining the powers and duties of trust companies, but when we turn to the statutes embracing and defining the powers and duties of executors and administrators we find Section 3746, R. G. S., 5619 C. G. L. This section deals with foreign executors and administrators and does not either directly or by implication exclude from its provisions foreign corporations or foreign trust companies, and being a statute especially involving the rights of foreign executors and administrators its provisions in cases where applicable must be deemed to be controlling rather than the provisions of another statute dealing primarily with a different subject and only incidentally appearing applicable to the subject being directly dealt with.

Section 3746, R. G. S., 5619 C. G. L., is as follows:

"Actions by foreign executors and administrators.—Executors and administrators who shall produce probate of wills or letters or administration duly obtained in any of the

States or Territories in the United States, and properly authenticated under the Act of Congress of the 26th of May, A. D. 1790, shall be authorized to maintain actions in the several courts of this State under the same rules and regulations as other plaintiffs. (Nov. 21, 1892, No. 2.)"

The record shows that the provision of this section has been complied with in regard to the authentication of the probate of the will under which the executors act.

. This case is to be differentiated from Myers v. Ferris, 91 Fla. 858, 109 Sou. 209. In that case the plaintiff was a domestic administratrix in suit at law to recover the value of personal property which was alleged to have been converted in another State and which property had not been in the possession or control of the executrix. In that case we said:

. "Since courts have no jurisdiction over assets of a decedent in a foreign sovereignty, an executor or administrator deriving authority from them has no right to go into such foreign territory and exercise his official functions over property there. This theory that administration is purely representative and exists only by force of the official character, and so cannot pass beyond the jurisdiction which grants it, is generally accepted.

"If an executor or administrator is permitted to exercise any control over property beyond such jurisdiction, or to make any disposition of it there, the authority to do so must come from the statutes of the foreign jurisdiction or it must be permitted of mere comity."

. In this case the property involved was a mortgage, which mortgage is not shown to have been in the jurisdiction of the State of Florida at the death of the decedent and the executors come here to maintain an action to foreclose the

mortgage under the provisions of Section 3746, R. G. S., 5619, C. G. L.

The decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

BROWN, J., concurs in conclusion.