DREW, Justice.
In Hill v. Milander, Fla.1954, 72 So.2d 796, 797, we upheld the validity of the September 8, 1953 municipal election of the City of Hialeah in which the proposition “ ‘Shall the Hialeah Council appoint a Board to prepare a proposed new City Charter as provided by Chapter 29113, Laws of Florida, 1953’ ” was submitted to and approved by the requisite number of qualified electors of said municipality. We held in that case that the approval of the appointment of the board was necessarily the approval of the act. In that opinion, however, we expressly refused to pass upon the constitutionality of said Qiapter 29113 for the reasons which we expressed.
The Charter Board was duly appointed and within the time prescribed by the act, it prepared and delivered to the City Council a proposed charter. Such charter was thereafter approved by the requisite number of electors whereupon the City proceeded functioning in accordance with Section 1(e) of said Chapter 29113 which provides:
“(e) If approved by a majority of said electors participating in said election, the proposed City Charter shall then become the Charter of the City of Hialeah and all laws and parts of laws in conflict therewith shall be automatically repealed.”
Proceedings were instituted in the lower court to enjoin the functioning of the municipality under the new charter as a result of which the chancellor below held that said Chapter 29113
“in so far as it delegated to a majority of the electors of the City of Hialeah the power to approve and adopt, as the charter of such city, the proposed new city charter prepared by the charter board appointed under such act by the council of such city, and in so far as it delegated to such majority of the electors the power, by their approval and adoption of such new charter, to effectuate an automatic repeal of all laws and parts of laws in conflict with such new charter, is violative of the provisions of section 8 of article 8 of the Constitution of the State of Florida and is, therefore, unconstitutional and void;”
The subject act was an attempt to delegate unlimited authority to the City of *659 Hialeah with reference to all phases of its municipal government and affairs. Moreover, it purported to vest in the Charter Board, subject to the approval of a majority of the electors who cared to participate in an election, the power to repeal “all laws and parts of laws” in conflict with what they determine the law should be. Under our Constitution this clearly may not be done. Pursley v. City of Ft. Myers, 87 Fla. 428, 100 So. 366; Merrell v. City of St. Petersburg, 91 Fla. 858, 109 So. 315.
Affirmed.
MATHEWS, Chief Justice, and TERRELL, THOMAS and HOBSON, JJ., concur.
SEBRING and ROBERTS, JJ., not participating.