M. G. MUNN *et al., Appellants,* v. W. L. FINGER, *Appellee.*

Opinion Filed January 9, 1914.

The State constitution expressly confers upon the legislature authority to prescribe the powers of a municipality and to alter or amend the same at any time; and a statutory enact-

ment which in effect is that upon stated affirmative favorable action taken by the city council and the electors of a municipality, and the due election of commissioners, a commission form of government for the municipality "shall become operative," is not unconstitutional; and such enactment is not void for uncertainty since the intent is that the designated commissioners shall exercise the authority theretofore vested in the mayor and city council, the only elective officers under the charter acts.

Appealed from the Circuit Court of Polk County; F. A. Whitney, Judge.

Decree affirmed.

*Kelsey Blanton* and *S. W. Lawler,* for Appellants;

*Epps Tucker, Jr.,* for Appellee.

WHITFIELD, J.—This appeal is from a decree enjoining the election of a mayor and four councilmen in the city of Lakeland, Florida. The charter of the city, Chapter 6363, Acts of 1911, provides elaborately for a municipal government by the usual officers and methods and also contains the following: "The City of Lakeland is hereby authorized at any future time to establish a commission form of government and to elect its commissioners by popular vote as it may determine. Such commission form of government shall be established in the following manner, to-wit: Upon a two-thirds vote of the City Council to adopt such commission form of government, the City Council shall make a code of laws governing the city which may be enforced by three commissioners. The said code shall be published for a period of thirty days in a newspaper published in the city. An election shall be

called by the Mayor and the City Council for the purpose of submitting the question of ratification of such commission form of government to the voters of the city, which election shall be held not less than thirty days from the adoption by the City Council." Chapter 6711, Acts of 1913, amends section 70 of the charter act as follows: "The City of Lakeland is hereby authorized at any future time to establish a Commission Form of Government; to elect (5) commissioners by popular vote, one to be elected from each ward of the City of Lakeland, and one at large, to serve for two years each from the date of their qualification, or until their successors are elected and qualified.

Such Commission Form of Government shall be established in the following manner, to-wit: Upon a two-thirds vote of the City Council to adopt such Commission Form of Government, an election shall be called by the Mayor and the City Council for the purpose of submitting the question of ratification or rejection of the Commission Form of Government to the voters of the city, which election shall be held not less than thirty days from the adoption by the City Council of such Commission Form of Government.

The provisions of said Commission Form of Government shall include the powers commonly known as the initiative, the Referendum and the Recall, same to be submitted to the voters for their acceptance or rejection.

If the majority of the qualified electors voting at said election shall vote in favor of the Commission Form of Government the same shall become operative and of full force and effect as a method of government for the said city.

In the event said Commission Form of Government

should be ratified, the Commissioners so chosen shall have the right to employ a municipal manager to have complete control of the business interests of the said city as a business manager, subject always to the direction, supervision and control of the said Commissioners, at a salary fixed by said Commissioners and subject to be removed by them at their pleasure, with or without cause."

In the decree of the court is the following finding: "That the City of Lakeland has the power under Chapter 6711 Acts of Legislature of the State of Florida for 1913 to establish a commission form of government, that the election held on the 8th day of October, 1913, for the purpose of ratification or rejection of the Commission Government was regular, and that the five Commissioners were duly and regularly elected as a Commission for the government of the City of Lakeland in accordance with Section 6 of said Charter. The Court further finds that is was the intention of the Legislature to vest the Commission with power and authority to carry on the Municipal Government and affairs, and while the act fails to completely define the details of the Government, yet it submits to the vote of the people for ratification 'A Method of Government' called commission form."

At an election called by a two-thirds vote of the City Council for that purpose, a majority of the electors duly voted for a commission form of government.

It is contended in effect that the quoted amendment of the charter by the legislature of 1913, is inoperative and void if it is designed that the commission form of government is to supersede the other and usual form provided for in the charter act, for the reason, it is argued, that there is in the statute or in this State no prescribed

Commission Form of Municipal Government, and the power to establish a commission form of government is legislative and cannot lawfully be delegated to the city itself.

The Constitution provides, Section 24, Article III: "The legislature shall establish a uniform system of municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith." Also in Section 8, Article VIII: "The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time."

Under these sections of the constitution the legislature may by law confer upon a municipality any powers relating to its government that are not in conflict with other organic provisions; and a grant by the legislature to a municipality of the right to submit to its electors for adoption a commission form of government upon which adoption the statute by its own terms makes such commission form operative, does not appear beyond a reasonable doubt to conflict with any provision or principle of the State or Federal Constitution.

The above quoted organic provisions of this State contemplate varying powers for different municipalities and expressly authorize the legislature to prescribe the powers of municipalities as varying exigencies may demand; and such express legislative authority carries with it a discretion in conferring powers upon a municipality that has no limitations in the constitution affecting this case. The implied principle that the general lawmaking power of the legislature may not be delegated, is not violated in the exercise by the legislature of its authority to pre-

scribe the powers of a municipality.  See City of Yazoo City v. Lightcap, 82 Miss. 148, 33 South. Rep. 949; 28 Cyc. 241; Dobbin v. City of San Antonio, 2 Tex. Unreported Cases 708.

The above stated principle with reference to municipalities under our present constitution was recognized in State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969, 32 L. R. A. (N. S.) 639, where it was held that the legislature could not lawfully delegate to the Railroad Commissioners power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but the legislature may enact a law complete in itself and authorize designoted officials within definite limitations to exercise discretionary authority in effectuating the law.  In State *ex rel.* Muella v. Thompson, 149 Wis. 488, 137 N. W. Rep. 20, 28 Ann. Cas. 774, and other like cases the State constitution required a uniform system of municipal government; and authority conferred upon a municipality to change its charter would destroy the organic requirement of uniformity as well as infringe upon the implied principle applied in such cases forbidding a delegation of legislative power.  The only limitations upon the lawmaking power of the legislature are those contained in the Federal and State constitutions, and it does not clearly appear that the power of the legislature by law to confer upon a municipality the authority here contested, is denied or limited by any provision or principle of the organic law.

Section 70 of the Charter Act of the City of Lakeland, as amended by Chapter 6711, Acts of 1913, does not prescribe the details of the commission form of government which it authorizes the city to establish, but it does pre-

scribe definitely the manner of establishing a commission
form of government and provides for the election of five
commissioners "by popular vote." It is therein expressly
provided that "if a majority of the qualified electors
voting at said election shall vote in favor of the com-
mission form of government the same shall become opera-
tive and of full force and effect as a method of govern-
ment for the said city." The apparent intent of the law
is that when the commission form of government is duly
submitted by the designated city authorities and affirm-
atively voted for by the electors of the city, then such
form of government shall become operative by force of
the statute itself, and that the five commissioners duly
elected as the law contemplates, shall exercise the author-
ity theretofore vested in a mayor and City Council which
are the usual functions of commissioners under a com-
mission form or plan of government in a municipality.
See 1 McQuillan Mun. Corp. Sections 92, 340, 391; Brown
v. Galveston, 97 Tex. 1, 75 S. W. Rep. 488; Chapters 6770,
6772, Laws of Florida. In other words the question pre-
sented on this appeal is in effect the power of the legisla-
ture to declare that upon the happening of a certain con-
tingency, the power vested in the mayor and city council
shall pass to five commissioners. We see no constitu-
tional objections to the exercise by the legislature of such
power, and upon the fulfilment of that condition, the
offices of the mayor and council *ipso facto* cease; a mere
change in the agencies to exercise the powers of the muni-
cipality becomes effective by legislative direction upon
the joint action of the council and the plebiscite. This
intent harmonizes with the other provisions of the city
charter, under which the elective officers are the mayor
and the members of the city council. It does not appear
from the pleadings or from the charter statutes that, with

the five commissioners appropriately exercising functions of mayor and city council, the commission form of government will not be effective for municipal purposes, under the essential provisions of the charter acts.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.