C. C. PURSLEY, *Appellant*, v. CITY OF FORT MYERS, *Appellee.*

Opinion Filed May 6, 1924.

1. Chapter 6940, Laws of Florida 1915, authorizes any city or town to change its form of government or method of exercising the jurisdiction and powers already granted to it by legislative enactment but does not authorize a self-determination enlargement of its corporate powers beyond limitations prescribed by law.

2. Under the doctrine of a separation of the powers of government the lawmaking function is assigned exclusively to the legislature. Any attempt to abdicate it in any particular field is unauthorized unless expressly authorized by the Constitution.

3. Section 8 of Article VIII of the Constitution empowering the Legislature to establish and to abolish municipalities and provide for their government and to prescribe their jurisdiction and powers and to alter or amend the same at any time is an exclusive assignment of power to the Legislature; but the delegation of legislative power to a municipal corporation in matters which form appropriate subjects of municipal regulation is valid.

4. This State has consistently adhered to the doctrine of municipal liberty in the administration of local affairs so far as the same is consistent with the provisions of the Constitution vesting in the Legislature the power of prescribing the jurisdiction and powers of municipalities.

5. An attempt on the part of a municipality under the provisions of Chapter 6940, Acts of 1915, to adopt for itself a new charter not merely changing the order or form of its government but prescribing its jurisdiction and powers and altering and amending the powers already vested in the municipality by legislative enactment is unauthorized and invalid.

6. Chapter 8953, Acts of 1921, a special act passed for the purpose of legalizing and validating an election held in the city of Fort Myers at which amendments to the charter of the city affecting not only its form of government but prescribing the jurisdiction and powers of the proposed new government and altering and amending the powers already vested in the municipality by legislative enactment, did not have the effect of giving validity to the action of the municipality in so far as it sought by the election validated to prescribe the powers and jurisdiction of the municipality which were in excess or amendatory of the powers already vested in the municipality by legislative authority.

An Appeal from the Circuit Court for Lee County; George W. Whitehurst, Judge.

Order reversed.

*Cyrus Q. Stewart,* for Appellant;

*Frank C. Alderman* and *F. A. Whitney,* for Appellee.

ELLIS, J.—This is an appeal from an order denying an application for an injunction to restrain the City of Fort Myers from issuing certain bonds for paving, installing storm sewers, water mains, sanitary sewers and a gas plant. The amount of the proposed bond issue is four hundred and forty-five thousand dollars. It was provided for by an ordinance adopted by the City Commissioners calling an election to be participated in by the freeholders of the City to decide whether the proposed bond issue should be approved. The election was held, the bond issue approved, the bonds advertised for sale and contracts made for the sale of them.

The City of Fort Myers was incorporated in 1905 by special act of the Legislature, Chapter 5496, and that chapter has been amended by subsequent acts of the Legislature.

In 1915 the Legislature passed an act entitled ''An Act Authorizing Cities and Towns to Amend Their Charters and to Adopt Charters for Their Government.'' See Chapter 6940, Laws of Florida, 1915.

The first section of the act contains the grant of power to cities and towns. The remaining sections of the act prescribe the methods or procedure according to which the powers granted in the first section may be made available. A careful analysis of the first section of the act will reveal

that the purpose of the Legislature was to authorize any city or town to change its form of government or method of exercising the jurisdiction and powers already granted to it by legislative enactment. No city or town was authorized by that act to enlarge its corporate powers beyond limitations prescribed by law, as the proviso to the section clearly indicates.

Section one is as follows: ''Section 1. Every city and town in the State of Florida, whether incorporated by a special act or under the general laws of the State relating to cities and towns, shall have the power, in the manner herein prescribed, to alter or change the numbers, powers, duties, compensation, terms of office, and the time and manner of election or appointment of any and all officers and boards whether created by or recognized in State legislation or ordinances, to abolish any or all offices and boards whether created by or recognized in State legislation or ordinances, and to create such offices and boards as may be deemed proper for the government of such city or town, and to provide the manner of their election or appointment, and to otherwise determine the manner in which its corporate powers shall be exercised, by amending its charter, or adopting a new charter, consistent with the Constitution and the general laws of the State; or whenever a city or town has, by special laws, greater or more extensive powers than those conferred on cities and towns by the General Laws of the State, then and in that case, consistent with such special laws giving such city or town special powers and in other respects consistent with the Constitution and general laws of the State; Provided, however, that this Act shall not be so construed as to authorize any city or town to enlarge its corporate powers beyond the limitations prescribed by law, except that it may extend its territorial boundaries as provided by law.''

It is contended by appellant that the Act of 1915, Chapter 6940, *supra*, is void because it is an attempted delegation of legislative power to the people of local communities to enact charters for their municipal government. Voting to themselves, in other words, such powers as they desire in the administration of local public affairs within limitations prescribed by the Constitution and statutes.

Under the doctrine of the separation of the powers of government the law making function is assigned exclusively to the Legislature. The generally recognized rule is that any attempt to abdicate it in any particular field, although valid in form, is unconstitutional and void. It is a cardinal principle of representative government that except when authorized by the Constitution, as may be the case in reference to municipal corporations, the Legislature cannot delegate the power to make laws to any other authority or body. 6 R. C. L. 164; State v. Butler, 105 Me. 91, 73 Atl. Rep. 560, 18 Ann. Cas. 484, 24 L. R. A. (N. S.) 744; State *ex rel.* Mueller v. Thompson, 149 Wis. 488, 137 N. W. Rep. 20, Ann. Cas. 1913-C 774, 43 L. R. A. (N. S.) 339; Wyeth v. Board of Health of City of Cambridge, 200 Mass. 474, 86 N. E. Rep. 925, 128 A. S. R. 439, 23 L. R. A. (N. S.) 147, and other authorities cited.

Section 8 of Article VIII of the Constitution empowering the Legislature to establish and to abolish municipalities, to provide for their government and to prescribe their jurisdiction and powers and to alter or amend the same at any time is an exclusive assignment of power to the Legislature. But it is well settled that the delegation of legislative power over a limited section of the State to a municipal corporation is constitutional but the class of powers so delegated must be such as have reference to matters which form appropriate subjects of municipal

regulation. 19 R. C. L. 799; See Stoutenburgh v. Hennick, 129 U. S. 141, 32 L. Ed. 637, 9 Sup. Ct. Rep. 256; Burton v. Williams, 11 S. C. 288; Taylor v. Carondelet, 22 Mo. 105; Heland v. City of Lowell, 3 Allen (Mass.) 407, 81 Am. Dec. 670; City of St. Louis v. Boffinger, 19 Mo. 13; State v. Tryon, 39 Conn. 183; Mason v. Shawneetown, 77 Ill. 533; Des Moines Gas Co. v. City of Des Moines, 44 Iowa 505; State ex rel. Mueller v. Thompson, supra.

Municipalities have no inherent power to enact ordinances. If the power is not expressly given it is implied as incident to the incorporation of the city or town; but the authority of the ordinance passed is derived from the legislative power of the State. While this view finds support in what may be considered the decided weight of authority in this country, and with which this court is in harmony, yet it has adhered to the doctrine of municipal liberty in the administration of local affairs so far as the same is consistent with the provisions of our Constitution vesting in the Legislature the power of prescribing the jurisdiction and powers of municipalities. See Kaufman v. City of Tallahassee, 84 Fla. 634, 94 South. Rep. 697.

But this court has never held that the Legislature can delegate unlimited authority to a municipality to prescribe its own jurisdiction and powers and to alter or amend the same at any time. It cannot surrender the sovereignty of the State to municipalities to the extent of losing control over them. Such a doctrine, said the Supreme Court of Oregon in Straw v. Harris, 54 Ore. 424, 103 Pac. Rep. 777, would be a recognition of a State's independent right of dissolution.

The case of City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769, in no wise contravenes this doctrine.

The case of Munn v. Finger, 66 Fla. 572, 64 South. Rep.

271, is not authority for the proposition that any such attempt on the part of the Legislature is consistent with either the spirit or letter of the Constitution. In that case the Legislature, by Chapter 6363, Acts of 1911, made elaborate provisions for a municipal government for the City of Lakeland, and by Section 70 provided that the city should be authorized at any future time to establish a commission form of government and to elect its commissioners by popular vote as it may determine. The act merely provided for a change in the method of government for the city from an aldermanic form to the commission form of government. The court said that the purpose of the act was that in the event of a change in the form or method of government the commissioners would exercise the authority theretofore vested in the mayor and city council; it saw no constitutional objection to the exercise by the Legislature of such power.

In the Bowden case, *supra,* the City of Jacksonville, under Chapter 6705, Laws of Florida, 1913, proposed by ordinance to transfer powers which by statute were vested in the bond trustees, to the city council. The court held that in so far as Chapter 6705 permitted the exercise of such powers it was not unconstitutional as a delegation of legislative power.

It appears from the record in this case, however, that the City of Fort Myers availed itself of the provisions of Chapter 6940, Laws of 1915, *supra,* not merely to change the order or form of administering its municipal affairs but to prescribe the jurisdiction and powers of the proposed new municipal government and alter and amend the powers vested in the municipality by the Act of 1905, Chapter 5496, and subsequent acts. Chapter 6940, Acts of 1915, did not authorize such procedure and the attempted exercise of such power by the municipality is

in contravention of the spirit and letter of the Constitution and the theory of our State and National organizations.

The so-called doctrine of "Home Rule" as applied to cities and towns has met with much favor in western states for which in their constitutions they have made special provision, but the experiment, as ably and fully pointed out by Mr. Justice Timlin in State ex rel. Mueller v. Thompson, *supra*, has not been altogether as successful as its advocates had hoped and many constitutional amendments have followed modifying the new doctrine by that of the old.

Chapter 8953, Acts of 1921, a special act adopted and passed for the purpose of legalizing and validating the election held in the City of Fort Myers at which amendments to the charter of the city were adopted, did not have the effect of 'infusing vitality into the action of the municipality in so far as it sought by such election to prescribe the powers and jurisdiction of the municipality, because such attempted validation was simply an effort to make valid an action which the Legislature in the first instance had no power to authorize; that is, the voting to itself of the powers and jurisdiction which the municipality desired to exercise. The act was not the validation of irregularities in the execution of granted powers, as was the case in Potter v. Lainhart, 44 Fla. 647, 33 South. Rep. 251.

The order of the Chancellor was erroneous and is therefore reversed.

TAYLOR, C. J., AND WHITFIELD, BROWNE, WEST AND TERRELL, J. J., concur.