STATE, *ex rel.* H. Y. MATTHEWS, v. JOHN T. ALSOP, JR., as Mayor of the City of Jacksonville, *et al.*

163 So. 80.
Opinion Filed August 26, 1935.

*Truett & Shea,* for Relator;
*Austin Miller,* for Respondents;
*Ben Shepard,* as *Amicus Curiae.*

DAVIS, J.—This is an original proceeding in mandamus wherein the respondents, Mayor and members of the City Council of the City of Jacksonville, are required to forthwith prepare and adopt a budget for said city for the year 1936, making separate and several appropriations therein, first, for the payment of necessary operating expenses of said city in the performance of functions of government, and, secondly, for the debt service requirements of outstanding obligations of said city, and upon the adoption of such budget to make a separate and distinct levy of taxes to provide for raising by taxation on all taxable real and

personal property within the corporate limits of the City of Jacksonville such amounts as may be necessary to carry on the essential governmental functions of said city as appropriated in said budget, and a separate and distinct levy to provide for raising by taxation on all taxable real and personal property within the corporate limits of said city such amounts as may be necessary to pay interest and provide a sinking fund for the payment of the outstanding obligations of said city, as required by the terms and provisions of Chapter 16838, Laws of Florida, Acts of 1935, which require each Board of County Commissioners and the governing authority or board of each town, city or taxing district in this State to so proceed in the making up and adoption of budgets and the levies of taxes therefor.

By a motion to quash the alternative writ of mandamus the question is raised and presented as to whether or not the provisions of said Chapter 16838 (Senate Bill No. 160), Acts of 1935, are applicable in any particular to the City of Jacksonville in view of Chapter 17122, Laws of Florida, Acts of 1935, and Chapter 17564, Laws of Florida, Acts of 1935, passed during the same session of the Legislature at which was enacted said Chapter 16838, *supra.* The first mentioned Acts expressly exclude the City of Jacksonville from the provisions of said last mentioned Chapter 16838, relating to the making of budgets and the levying of taxes generally.

Under the provisions of Section 24 of Article III of the Constitution of Florida, as amended in 1934, it is to be considered settled that no more special or local laws granting special charters to cities and towns, or specially providing for their government, jurisdiction, powers, duties and privileges, can be constitutionally passed by the Legislature after the establishment by the Legislature of the uniform system

of municipal government contemplated by said 1934 constitutional amendment. But said 1934 amendment to Section 24 of Article III of the State Constitution is expressly made non-self-executing. This is obvious, because the constitutional amendment in terms necessitates and requires definite legislative action to establish, pursuant to its provisions, a new comprehensive and uniform system of municipal government based upon a classification of cities and towns according to population, which shall be applicable in all cases except where local or special laws relating to *counties* are provided by the Legislature that may be inconsistent therewith.

It therefore follows that until such time in the future as the Legislature of Florida shall construct and establish by law the contemplated new and comprehensive uniform system of municipal government based upon general laws classifying cities and towns according to population, and providing by general laws for their incorporation, government, jurisdiction, powers, duties and privileges under such classifications, that the general power of the Legislature to pass special or local laws making needful amendments and alterations in outstanding special charters of cities and towns in Florida so as to provide for their proper government, jurisdiction, powers, duties and privileges, is not altered, abrogated or impaired by the mere ratification of Senate Joint Resolution No. 296 adopted at the legislative session of 1933 so amending Section 24 of Article III of the Constitution as to impose upon the Legislature the duty of passing such general law classifying cities and towns according to population as may be found appropriate and essential to establish a uniform system of municipal government in Florida, which, *when and after being so established*, shall not thereafter be subject to being interfered

with or affected by special and local municipal laws enacted by the Legislature pursuant to the power given it by Section 8 of Article VIII of the Constitution of Florida.

Section 8 of Article VIII of the Constitution reads as follows:

"Section 8. The Legislature shall have power to establish, and to abolish, municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors."

The 1934 amendment of Section 24 of Article III does not in terms undertake to either repeal or amend said Section 8 of Article VIII of the Constitution of Florida relating to powers of the Legislature with reference to providing for the government, jurisdiction and powers of municipal governments by either general or special laws insofar as the Legislature had theretofore acted under Section 8 of Article VIII of the Constitution in setting up municipal governments in this State and providing for their jurisdiction and powers under special legislative charters.

It will be observed that Article III of the State Constitution is an article primarily relating to the duties which are required by the Constitution to be performed by the legislative department of the State government. In contrast to this, Article VIII of the Constitution is an article specifically dealing with counties and cities as contemplated integral parts of the State government to be established, regulated and governed under laws passed by the Legislature.

It seems plain, therefore, that when the Legislature of 1933 selected for constitutional amendment Section 24 of Article III of the Constitution of this State relating to the

*duty* of the Legislature with respect to *establishing a system* of county and municipal government, instead of undertaking to amend Section 8 of Article VIII of the Constitution relating to the Legislature's special *powers* with reference to special charters grantable to municipal governments, that it was contemplated by the 1933 Legislature, as the framer and proposer of the amendment to Section 24 of Article III of the Constitution as ratified at the general election in 1934, that the normal powers of the Legislature specifically vested in it by Section 8 of Article VIII of the Constitution should remain in full force, vigor and effect until such time as the Legislature, by some general legislative Act classifying cities and towns according to population, might be able to carry into effect the new purpose and intent of amended Section 24 of Article III of the Constitution, which, when accomplished, would then have the effect of abrogating any further exercise of power by the Legislature under Section 8 of Article VIII of the Constitution insofar as the enactment of special and local municipal charters is concerned.

The powers and duties of the Mayor and Council of the City of Jacksonville with respect to the method of making up an annual budget including appropriations, and the procedure to be followed levying taxes upon taxable real and personal property situated therein, as well as the method of collection of such taxes, were specially regulated by the Charter Act of the City of Jacksonville, and Acts amendatory thereof and supplementary thereto passed before the provisions of Chapter 16838, Acts of 1935, were enacted. See: Chapter 3775 (original Charter Act), Acts of 1887; Chapter 16493 (Budget Act), Special Laws of Florida, Acts of 1933; Section 10 of Chapter 9783, Acts of 1923;

Section 40 of Chapter 7659, Acts of 1917; and Chapter 4300, Acts of 1893.

Assuming that Chapter 16838, Acts of 1935, is a valid general Act that would be so in conflict with the Special Acts of the City of Jacksonville governing its budget making and tax levying and collection functions, as to amount ordinarily to a repeal of so much and such parts of the special Charter Acts of the City of Jacksonville as are in conflict with the salient provisions of said Chapter 16838, Acts of 1935, the Legislature of 1935 has made it plain by its subsequent enactment of Chapter 17122, as well as by the enactment of Chapter 17564, both passed at the 1935 session of the Legislature, that it did not intend that the general State-wide Act designated as Chapter 16838, Acts of 1935, should operate in any particular to repeal, alter, abrogate or affect in any wise the special charter regulations of the City of Jacksonville otherwise governing its budget making, tax levying and revenue raising powers as hereinbefore cited.

This Court must take judicial knowledge of the fact the 1935 Legislature passed no general or uniform Act undertaking to classify according to population the cities and towns of the State of Florida for governmental purposes under any general scheme of municipal government that would be sufficient to carry out the purpose and intent of amended Section 24 of Article III of the Constitution.

It follows, therefore, that there was no constitutional obstacle set up that would preclude the Legislature from exercising its powers under Section 8 of Article VIII of the Constitution to so deal with, or amend, the special Charter of the City of Jacksonville, or make exceptions to, or adopt other appropriate alterations or modifications in general laws for the benefit of said city, as the Legislature

should deem necessary to be accomplished, so long as Section 24 of Article III has not been put into effect by bringing the City of Jacksonville, as well as all other municipalities in the State, under some such general and uniform system of municipal government based upon a classification of municipalities according to population, as will foreclose any further power of the Legislature to specially legislate for the City of Jacksonville in accordance with Section 8 of Article VIII of the Constitution.

We, therefore, hold that Chapters 17122 and 17564, Acts of 1935, passed at the 1935 session of the Legislature, but subsequent to the enactment of Chapter 16838, Acts of 1935, are constitutional and validly enacted statutes applicable to the City of Jacksonville which is a city having more than 120,000 inhabitants according to the last preceding Federal Census. Therefore, the peremptory writ of mandamus sought by relator in an effort to make the City of Jacksonville subject itself to the provisions of said Chapter 16838, Acts of 1935, which is a general law of State-wide application, must be denied and the alternative writ of mandamus quashed.

It would be a holding fraught with too serious consequences to the inhabitants of cities and towns heretofore granted and now holding special charters constitutionally enacted by the Legislature under Section 8 of Article VIII of the Constitution of this State at a time when there was no impairment of or prohibition against the power of the Legislature to enact such special or local charter laws for cities and towns, to so construe the 1934 amendment to Section 24 of Article III of the Constitution, as to "freeze" into unalterable and irrepealable statutes all the presently outstanding and existing special city and town charters until such time as the Legislature may conceive itself able to

execute the ponderous, if not insuperable, task of framing some general and uniform classification law that will wisely and effectually conserve the benefits of sound municipal government that have heretofore been enjoyed by the people of this State for a period of time antedating the adoption of the present Constitution itself.

We, therefore, hold that until such time as the Legislature actually enacts legislation sufficient to carry out the purpose, intent and scheme of amended Section 24 of Article III of the State Constitution by adopting some general law that will classify cities and towns according to population and make them subject to some established general and uniform system of municipal government as contemplated by the 1934 amendment, that the power of the Legislature to continue to deal with already existing and outstanding special city and town charters, in accordance with Section 8 of Article VIII of the Constitution of this State, has been in no wise limited, impaired or abrogated insofar as such outstanding city and town charters, as they existed prior to the 1934 amendment, may be concerned.

Alternative writ of mandamus quashed and proceedings dismissed at the cost of relator.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.