STATE OF FLORIDA, *ex rel.* W. LESLEY BROWN, v. B. H. EMERSON, *et al.*

171 So. 663.
Division B.
Opinion Filed October 30, 1936.
Rehearing Denied December 3, 1936.

*Alonzo B. McMullen, Ralph A. Marsicano and Ralph C. Binford,* for Respondents;

*W. B. Dickinson,* and *Pat Whitaker,* for Relator.

TERRELL, J.—This is a proceeding in mandamus brought by W. Lesley Brown as citizen, resident, taxpayer, and qualified elector of the City of Tampa, against B. H. Emerson and others, as the Board of Representatives of the City of Tampa, a municipal corporation, under the laws of the State of Florida, and P. R. Bourquardez, as city clerk of the City of Tampa.

The alternative writ alleges that on August 12, 1936, pursuant to Sections 3127 to 3141, Compiled General Laws of 1927, a petition signed by more than twenty per cent. of the qualified electors in the city was addressed to and filed with the Board of Representatives requesting it to call a Charter Board election, that upon receipt of said petition it became the duty of said Board of Representatives, as the legislative department of the city to refer said petition to the Board of Elections, as the registration officer of the city, for checking in accordance with Section 3131, Compiled General Laws of 1927, as amended by Chapter 15533, Special Acts of 1931. It is further alleged that the Board of Elections adopted a resolution August 19, 1936, calling on the Board of Representatives to refer said petition to it for checking as required by law but that the Board of Representatives has failed, neglected, and refused to do so.

The alternative writ commands the Board of Representatives and P. R. Bourquardez as city clerk to forthwith deliver to the Board of Elections the petitions so held by them for the purpose of checking and reporting to said Board of Elections whether or not the requirements of the law for calling an election to elect a Charter Board had been complied with or show cause why they refused to do so. To the alternative writ the clerk and eight members of the Board filed motions to quash, while four members of the Board filed a return admitting their willingness to comply with its command.

The cause now comes on to be heard on the motion of the Board of Representatives and P. R. Bourquardez to quash the alternative writ.

It is first contended that Chapter 6940, Acts of 1915, Sections 3127 to 3141, Compiled General Laws of 1927 (Sections 1971 to 1985, Revised General Statutes of 1920), are not applicable to the City of Tampa because they were repealed by Section 24 of Article III of the Constitution of Florida as amended in 1934, but if not so repealed they are in conflict with Chapter 13455, Special Acts of 1927, and Chapter 15537, Special Acts of 1931, and are consequently repealed by the latter Special Acts, they being the controlling law on the subject.

Section Twenty-four of Article Three of the Constitution as amended in 1934 is as follows:

"The Legislature shall establish an uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws for counties are provided by the Legislature that may be inconsistent therewith. The Legislature shall by general law classify cities and towns according to population, and shall by general law provide for their incorporation, government, jurisdic-

tion, powers, duties, and privileges under such classifications, and no special or local laws incorporating cities or towns, providing for their government, jurisdiction, powers, duties, and privileges shall be passed by the Legislature."

This provision of the Constitution is not self executing and the Legislature has not yet seen fit to pass any law making it operative. Its terms are such that the Legislature could pass an Act making it operative in a way that would repeal Chapter 6940, Acts of 1915, but not having seen fit to do so it is ineffective to repeal or modify the latter Act, Section 8 of Article VIII of the Constitution, or any other provision of the Constitution or statutes affecting municipalities. State, *ex rel.* Matthews, v. Alsop, Jr., 120 Fla. 628, 163 So. 80.

Chapter 13455, Special Acts of 1927, provides for the calling and holding of an election to elect a Charter Board with power to revise the Charter of the City of Tampa, for the registration of voters to vote in said election, and for the submission of the Charter to the City of Tampa as so revised to the people for adoption or rejection.

Pursuant to the provisions of said Chapter 13455, Special Acts of 1927, a Charter Board was elected, the Charter of the City of Tampa was revised as provided, and an election was held in said city at which the revised Charter was submitted to the people for adoption or rejection, December 6, 1927. The revised Charter was approved and adopted. Officers of the city were subsequently elected in accordance with the provisions of the revised Charter. Chapter 15537, Special Acts of 1931, did nothing more than validate the election held on December 6, 1927, pursuant to the provisions of Chapter 13455, Acts of 1927, for the purpose of adopting the revised Charter which was not a legislative

Charter, but, as heretofore stated, was one prepared by the Charter Board and approved by the people.

The Charter of the City of Tampa, as thus adopted, was amended by Chapter 15534, Special Acts of 1931, Chapter 16723, Special Acts of 1933, and Chapter 16730, Special Acts of 1933, none of which are material to the case at bar. None of them attempt to repeal the general law affecting municipalities.

Chapter 6940, Acts of 1915, authorizes "cities and towns to amend their charters and to adopt charters for their government." It applies to all cities and towns in the State whether created by general or local law and Section 5, now Section 3131, Compiled General Laws of 1927, as amended, is the law under which the election in question is sought to be enforced. The latter section defines the circumstances under which the legislative authority of a city or town may call an election for the purpose of electing a Charter Board. the petition therefor to be signed by twenty per cent. of the qualified electors in the city, giving their names and addresses. On presentation of the petition to the legislative authority of the city or town it shall be forthwith turned over to the clerk and registration officer who shall at once proceed to compare the names thereon with those on the registration books. If the names are not sufficient to warrant the calling of an election the petition shall be retained and additional petitions of the same character may be submitted and when sufficient names have been received to authorize the election they shall be canvassed and the results certified to the legislative department of the city. The legislative body of the city or town shall forthwith adopt a resolution calling and designating a day for holding the election which shall not be less than forty or more than ninety days from the adoption of the resolution.

In so far as applicable to the City of Tampa, Section 3131, Compiled General Laws of 1927, was repealed and superseded except as to provisions for calling Charter Board elections, by Chapter 15533, Special Acts of 1931, the title to which is as follows:

"AN ACT Regulating all Municipal Elections Held in the City of Tampa, Florida; Creating a Board of Elections for the City of Tampa, Florida, to Conduct, Hold, and Regulate all Municipal Elections, Including Primary Elections, Held in Said City; Fixing the Number of the Members of Said Board and their Term of Office; naming the Members of the First Board and Fixing Their Terms of Office; Prescribing the Qualifications, Duties, Powers, Compensation and Method of Election of the Members of Said Board; Prescribing the Duties, and Powers of said Board; Providing for and Regulating Electors and Elections in said City; Defining Political Parties in said City; Providing for the Nomination of All Candidates for All Elective Municipal Officers in said City by All Political Parties in said City; and Repealing All Laws and All Parts of Laws in Conflict with This Act.

Inspection of Sections 12, 13, 14, 15, 16, 27, 28, 29 and 30, will readily disclose that the purpose of this Act was to provide a new and different machinery for holding all municipal elections including charter elections in the City of Tampa from that provided in the general law. Section 14 of said Act being as follows:

"All powers and duties imposed upon and vested in the Mayor, the Board of Representatives, and the City Clerk by the general and the special laws of the State of Florida applicable to the City, the charter of the City, and the ordinances of the City passed in pursuance of said laws, with reference to the registration of voters, conducting, holding,

and regulating of municipal elections, be and they are hereby imposed upon and vested in the Board of Elections created by this Act, and it shall perform and exercise all such duties and powers."

It will thus be seen that Chapter 6940, Acts of 1915, is as yet not affected by the 1934 Amendment to Section 24 of Article III of the Constitution, nor is it affected by Chapter 13455, Special Acts of 1927, of Chapter 15537, Special Acts of 1931. In so far as applicable to the City of Tampa, Section 5 of Chapter 6940, Section 3131, Compiled General Laws of 1927, was superseded and repealed by Chapter 15533, Special Acts of 1931, except as to provision for calling Charter Board elections, and as so amended, is now the controlling law with reference to calling and holding all municipal elections in the City of Tampa. It necessarily follows that other provisions of Chapter 6940, Acts of 1915, are applicable to the City of Tampa.

It is next contended that Chapter 6940, Acts of 1915, is invalid in that it constitutes an unlawful delegation of legislative power contrary to Section 8 of Article VIII and Section 24 of Article III of the Constitution.

As amended in 1934, Section 24 of Article III of the Constitution was quoted in the forepart of this opinion. Amended Section 24 is now the controlling law and supersedes that section as it stood prior to amendment. Section 24 of Article III of the Constitution as composed prior to the 1934 Amendment as follows:

"The Legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith."

Section 8 of Article VIII of the Constitution is as follows:

"The Legislature shall have power to establish and to abolish, municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors."

The 1934 Amendment to Section 24 of Article III copied the section as it had stood and added thereto a command to the Legislature to classify cities and towns according to population and provide by general law for their incorporation, government, jurisdiction, powers, duties and privileges. It then inhibited the passage of any local law incorporating cities and towns and defining their powers and duties. Except as to abolishing municipalities and providing for the protection of their creditors, amended Section 24 of Article III impliedly repeals Section 8 of Article VIII, but such repeal does not become effective until the Legislature has executed the command to it by amended Section 24 of Article III and the extent of the repeal would depend on the terms of the Act. Any Act classifying cities and towns and regulating their government by general law as provided by amended Section 24 of Article. III might have precedence over Chapter 6940, Acts of 1915, or reinact it, but as heretofore stated, not having acted, neither Section 8 of Article VIII, nor Chapter 6940, Acts of 1915, is affected by amended Section 24 of Article III, the real purpose of which statute was to provide a system of home rule whereby municipalities could amend their charters and provide for their government and save much time of the Legislature expended in these matters at each session.

The power vested in the Legislature by the Constitution when Chapter 6940, Acts of 1915, was enacted, to create and abolish municipalities and to establish a uniform system

of municipal government, was broad enough to authorize the Legislature to empower them (municipalities) within prescribed limits to amend their charter by a species of home rule. It was of course not competent to authorize a degree of home rule to operate beyond the limits of the proposed municipality or to affect other than municipal subjects within the municipality but so long as exercised within these limits it was competent for the Legislature to provide means and procedure by which municipalities may adopt new charters or modify those already in force. Munn v. Finger, 66 Fla. 572, 64 So. 271; Pursley v. City of Fort Myers, 87 Fla. 428, 100 So. 366; State, *ex rel.* D'Alemberte, v. Sanders, 79 Fla. 835, 85 So. 333.

No provision of Chapter 6940 except Section 5, now Section 3131, Compiled General Laws of 1927, is directly brought in question in this litigation. We have examined the Act in full but nothing said in this opinion is to be construed as approving or disapproving provisions not directly involved. We are cited to no provision of it which violates the approved rule in this opinion as to home rule in municipalities and we find nothing in the Act that warrants more than the rule here approved. In State, *ex rel.* Landis, v. Dyer, 109 Fla. 33, 148 So. 210, we upheld the validity of Chapter 15533, and also held that it lodged all the city's election machinery in the Board of Elections. In McQuillin on *Municipal Corporations,* 2nd Ed., Vol. 1, Sec. 341 and 342, will be found an illuminating discussion of home rule charters, including the circumstance and conditions under which they may be provided for.

So many constitutional and statutory provisions were brought in question in this proceeding that the questions raised were involved and susceptible of more than one answer. For example, the apparent conflict between Chap-

ter 6940, Acts of 1915, and Chapter 13455, Special Acts of 1927, presented a question on which honest men might differ but we are convinced that the conclusion here reached as to that conflict is the proper one. Chapter 13455 provided for a particular election to revise the charter of the City of Tampa. It apparently had no other objective in, view and to all intents and purposes became *functus officio* when the new charter was approved which then became subject to amendment by legislative Act in the future or by Chapter 6940, Acts of 1915. As much might be said of other Acts recited in this opinion but none of them exhibit a clear purpose to repeal the general law on the subject and in the absence of such an intent we must decline to construe them as doing so. The respondents were consequently within their right in seeking a judicial interpretation of the questions presented before responding to the commands of the alternative writ.

From what we have said it follows that Chapter 6940, Acts of 1915, is valid and enforceable and as amended by Chapter 15533, Special Acts of 1931, is applicable to the City of Tampa, that neither Act constitutes an unlawful delegation of legislative power as applied to this proceeding, that Section 3131, Compiled General Laws of 1927, warranted the calling of the election but that the canvass of the petition and the calling, holding, and announcing of the returns of the election should be done as provided by Chapter 15533, Special Acts of 1931. The relator is consequently entitled to have the commands of the alternative writ enforced.

Other questions raised in both the motion to quash on the part of the Board of Representatives and on the part of P. R. Bourquardez have been considered but we consider them fully answered in this opinion.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Both motions to quash are accordingly overruled.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD and DAVIS, J. J., concur.