STATE, *ex rel.* W. WESLEY BROWN, v. W. L. BLOCKS, *et al.,* as and constituting the BOARD OF ELECTIONS OF THE CITY OF TAMPA, Respondents.

175 So. 232.
Opinion Filed June 16, 1937.

650

*W. B. Dickenson,* for Relator;

*Alonzo B. McMullen, Ralph A. Marsicano* and *Lewis H. Hill, Jr.,* for Respondents.

BUFORD, J.—Alternative writ of mandamus was issued to the respondents as constituting the Board of Elections of the City of Tampa, Florida, a Municipal Corporation, commanding them "to forthwith proceed to fix a date for the holding of a charter board election for the purpose of electing a charter board for the City of Tampa, Florida, and to proceed immediately to call the same in accordance with the provisions of law, and that you proceed by such resolutions to do all and everything required of you by law to be done for the purpose of calling, conducting and holding said election and declaring the result thereof in order that the charter board may be elected for the purpose of drafting a charter for the City of Tampa, Florida; or that in default of compliance herewith, you and each of you appear before this Court on the 24th day of April A. D. 1937, at 9:30 A. M. and then and there show cause, if any you can, for your failure so to do."

Motion to quash the alternative writ was filed by the respondents.

Briefs and oral arguments have been presented and considered. The pleadings present the question as to whether the special election for the purpose of electing a city charter board is required to be called by the legislative department of the municipality under provisions of Section 1975 R. G. S., Section 3131 C. G. L., or is required to be called by the

Board of Elections of the City of Tampa under the provisions of Chapter 15533, Special Acts of 1931. Sections 12, 13, 14, 15 and 16, Special Acts of 1931, provide as follows:

"Section 12. The Board shall conduct, hold and regulate all municipal elections of every kind, nature or character whatsoever held within the City, or any political subdivision thereof, including general, special, primary, bond, referendum, recall, charter elections, and all other municipal elections.

"Section 13. No municipal election of any kind, nature or character whatsoever shall be held within the City of any political subdivision thereof, except in accordance with the provisions of this Act and under the supervision and regulation of the Board.

"Section 14. All powers and duties imposed upon and vested in the Mayor, the Board of Representatives, and the City Clerk by the general and the special laws of the State of Florida applicable to the City, the Charter of the City, and the ordinances of the City passed in pursuance of said laws, with reference to the registration of voters, conducting, holding and regulating of municipal elections, be and they are hereby imposed upon and vested in the Board of Elections created by this Act, and it shall perform and exercise all such duties and powers.

"Section 15. Except as otherwise provided by this Act, all municipal elections held within the City, or any political subdivision thereof, shall be conducted in such manner as may be provided for such elections by the general and the special laws of the State of Florida, applicable to the City, and the charter of the City, and the ordinance of the City passed in pursuance of such laws, provided that such laws and such ordinances shall not conflict with this Act.

"Section 16. All acts and things necessary to be done to completely accomplish and carry out the registration of

voters, conducting, holding and regulating municipal elections, and declaring the results thereof are authorized to be done and performed by the Board under the authority of this Act."

In the case of State, *ex rel.* Brown, v. Emmerson, 126 Fla. 576, 171 Sou. 663, we had the provisions of the two Acts above referred to under consideration and it appears unnecessary for us to now discuss the provisions of the two Acts further than they were discussed in the opinion in that case. In that opinion, amongst other things, we said:

"So many constitutional and statutory provisions were brought in question in this proceeding that the questions raised were involved and susceptible of more than one answer. For example, the apparent conflict between Chapter 6940, Acts 1915, and Chapter 13455, Special Acts 1927, presented a question on which honest men might differ, but we are convinced that the conclusion here reached as to that conflict is the proper one. Chapter 13455 provided for a particular election to revise the charter of the City of Tampa. It apparently had no other objective in view and to all intents and purposes became *functus officio* when the new charter was approved which then became subject to amendment by legislative act in the future or by Chapter 6940, Acts 1915. As much might be said of other Acts recited in this opinion, but none of them exhibit a clear purpose to repeal the general law on the subject, and in the absence of such an intent we must decline to construe them as doing so. The respondents were consequently within their right in seeking a judicial interpretation of the questions presented before responding to the commands of the alternative writ.

"From what we have said, it follows that Chapter 6940, Acts 1915, is valid and enforceable and as amended by Chapter 15533, Special Acts, 1931, is applicable to the City

of Tampa; that neither Act constitutes an unlawful delegation of legislative power as applied to this proceeding; that Section 3131, Compiled General Laws of 1927, warranted the calling of the election but that the canvass of the petition and the calling, holding and announcing of the returns of the election should be done as provided by Chapter 15533, Special Acts 1931. The relator is consequently entitled to have the commands of the alternative writ enforced."

It appears to us that Section 16 of the Act above quoted taken in conjunction with the other sections of the Act quoted herein, makes it definite and clear that the conclusion which we reached in State, *ex. rel.* Brown, v. Emmerson, *supra,* was the proper one. The duty to perform *all acts* and *things necessary* to be done to *completely accomplish* and carry out the registration of voters, conducting, holding and regulating municipal elections and declaring results thereof was definitely placed on the Board of Elections by the provisions of those sections of the Act. One of the things necessary to be done to accomplish the registration of voters and the conducting and holding of an election is the calling of the election and, therefore, the duty is placed upon the Board of Elections to call the election involved under the facts as alleged in the alternative writ all of which facts the motion to quash admits.

It, therefore, follows that the motion to quash must be over-ruled and it is so ordered. The respondents will be allowed ten (10) days from the filing of this order in which to make answer or return and upon failure of respondents to file a sufficient answer or return within such time, peremptory writ shall issue.

It is so ordered.

654

Ellis, C. J., and Terrell, J., concur.

Davis, J., concurs in the opinion and judgment.

Brown, J., dissents.