WM. F. BRYAN v. CITY OF MIAMI, Its Officers, Employees, Servants, and Agents, etc., et al.

190 So. 772

Opinion Filed August 1, 1939

*Gramling & Gramling,* for Appellant;

· *J. W. Watson, Jr.,* for Appellee City of Miami, and *Casey, Walton & Spain,* for all other Appellees.

PER CURIAM.—By Chapter 15686, Special Acts of 1931, the City of Miami was authorized to issue bands to refund any or all funded indebtedness of the city then outstanding. In pursuance of this Act, the city issued refunding bonds, and now seeks to refund the said refunded bonds with other bonds under authority of the General Refunding Act of 1931, Chapter 15772, Acts of 1931, Extra Session.

By resolutions the city commission authorized the issuance of refunding bonds for approximately $28,808,000 of bonded indebtedness now outstanding, and entered into a contract with a group of brokerage and investment houses who formed a syndicate for the disposal of the refunding bonds. These refunding agents agreed to pay all expenses of the issue, including the cost of validating the bonds, printing, engraving and shipping costs, traveling expenses of city officials, fees of a bond attorney to approve the bonds; and a financial advisor. The commissioners were to pay in return 3 per cent of the par value of the bonds sold or exchanged as brokerage or commissions. No question is presented as to the authority of the city commission to delegate its authority and duty to have the proposed refunding bonds approved and printed.

Wm. F. Bryan, resident and taxpayer of the City of Miami, filed a bill of complaint in the Circuit Court for Dade County against the refunding agents and the officers and employees of the City of Miami, alleging in effect that, by virtue of Section 103 of the Charter of the City of Miami, Chapter 10847, Special Acts 1925, which provides: ·"Sec.

103: No commission or brokerage shall be paid either directly or indirectly for the sale of any bonds or other evidence of indebtedness of the city,"—the agreement between the city and the refunding agents is unlawful and in effect prays for temporary and permanent restraining orders to enjoin the operation of the contract in the sale or exchange of said refunding bonds. Defendants filed a motion to dismiss and for final decree, and on the next day the court rendered a final decree, denying a temporary injunction and dismissing the bill of complaint with prejudice. This appeal is taken from that decree.

Chapter 15686, Acts of 1931, a special or local law, providing for refunding the then existing indebtedness of the City of Miami, expressly provides that:

"Sec. 6: The City of Miami is hereby authorized to pay such expenses as the City Commission may deem reasonable and proper for carrying out the provisions of this Act, but such expenses as may be incurred in connection with the *issuance and the sale or exchange of any refunding bonds* shall not exceed one per centum of the face amount of such bonds nor shall such expenses within the twelve months following the authorization of such bonds by the City Commission exceed three-fourths of one per centum of such face amount." (Emphasis supplied.)

The indebtedness now sought to be refunded was outstanding when Chapter 15686 was enacted.

The question presented is: Where Section 103 of the Charter of the City of Miami provides that no commission or brokerage shall be paid either directly or indirectly for the sale of bonds or other evidence of indebtedness, and the city undertakes to refund its bonded indebtedness under authority of Sec. 6, Art. IX of the Constitution and the General Refunding Act of 1931, Chap. 15772, Acts of 1931,

Extra Session, does the General Refunding Act of 1931 repeal, modify, or supersede Section 103 of the Charter Act and the above quoted provision of Chapter 15686, and authorize the City to pay expenses and commissions of the refunding bonds amounting to 3 per cent of the par value of all refunding bonds exchanged or sold?

Section 24, Article III, Florida Constitution, provided, before the amendment of November 6, 1934, that:

"Sec. 24: The Legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith."

It is to be noted that while this section has been amended, the amendment is not self-executing, and until the Legislature enacts some general law classifying cities and towns according to population and providing for their government, the amendment is not operative. State *ex rel.* Matthews v. Alsop, Mayor, *et al.,* 120 Fla. 628, 163 So. 80; State v. Town of Belle Glade in Palm Beach County, 121 Fla. 200, 163 So. 564; State *ex rel.* Landis, Atty. Gen'l., v. Emerson, *et al.,* 126 Fla. 576, 171 So. 663.

Section 24, Article III, does not forbid an express or an implied repeal of a local law relating to the powers of a municipality by a subsequent general law on that subject. But a general law that is merely inconsistent with a special law conferring municipal powers may not repeal the latter; and while implied repeals of such a local law by a subsequent similar general law is not forbidden by Section 24, Article III, if an intent to so repeal is clearly made to appear, yet a repeal of an entire local municipal statute, or a portion thereof, by a general municipal statute covering the same

subject may be made in any terms that·clearly indicate such an intent.

In other words, if a special or local law and a later general law relating to the powers of a municipality are merely inconsistent in their respective provisions or some of them, and the general law does not in some suitable terms repeal or supersede the local law, the latter will prevail within its proper sphere of operation, unless an intent to repeal or supersede the whole or part of the special or local law otherwise clearly appears from the provisions of the general law. See State *ex rel.* D'Alemberte v. Sanders, 78 Fla. 835, 85 So. 333. Chapter 15772, Acts of 1931, Special Session, a general law approved 35 days after the approval of Chapter 15686, Acts of 1931, does not repeal Chapter 15686, a special law, both relating to municipal refunding bonds.

The General Refunding Act of 1931, contains no provision concerning brokerage or commissions to be paid for the refunding of bonds; and since the unrepealed special Act does cover such legislative subject it is controlling. An implied provision of the general law, if there can be one, cannot supersede an .express provision of the local law as to the brokerage fee that may be paid in issuing refunding bonds.

It is unnecessary to consider any of the other questions raised in the briefs of counsel, the above discussion being sufficient to show error by the lower court in rendering the final decree denying an injunction and dismissing the bill of complaint with prejudice.

Reversed.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.