**STATE OF FLORIDA, ex rel. HERBERT E. WILDER v. CITY OF JACKSONVILLE, a Municipal corporation, and J. R. PERMENTER as Municipal Inspector of the City of Jacksonville.**

25 So. (2nd) 569                                                            January Term, 1946
April 9, 1946                                                                          En Banc

*J. Lewis Hall, B. K. Roberts* and *W. J. Oven, Jr.,* for appellant.

*William M. Madison, O. O. McCollum, Jr.,* and *Joseph M. Glickstein,* for appellees.

SEBRING, J.:

Chapter 23351, Laws of Florida, 1945 is a local law duly passed by the 1945 session of the Legislature after proper notice and publication as required by Section 21 of Article III of the Constitution of Florida had been duly given. So much of the statute as is pertinent to this appeal provides as follows:

"Section 1. The number of licenses which may be granted by the City of Jacksonville, Florida, for the sale of intoxicating beverages within its corporate limits by vendors operating places of business where beverages containing alcohol of more than fourteen per centum by weight are sold is hereby limited to one license for each twenty-two hundred and seventy-seven (2277) persons in said city according to the last preceding federal census, and no license shall be issued to any applicant therefor for the sale of intoxicating beverage within the corporate limits of the City of Jacksonville, Florida, containing alcohol of more than fourteen per centum

by weight of one license for each twenty-two hundred and seventy-seven (2277) persons in the City according to the last preceding census.

"Section 2. Each and every Ordinance heretofore adopted by the City of Jacksonville regulating the number of licenses which may be granted for the sale of intoxicating beverages containing alcohol of more than fourteen per centum by weight within its corporate limits providing for the issuance of one such license for each twenty-two hundred and seventy-seven (2277) persons in said city according to the last Federal census are hereby validated, ratified, confirmed, approved and declared legal in all respects, notwithstanding any defect or irregularity therein or any want of statutory authority."

After the effective date of the act Herbert L. Wilder applied to the proper authorities of the City of Jacksonville to issue him a license to operate a place of business in the municipality for the sale of intoxicating liquors containing more than fourteen per centum of alcohol by weight for consumption on the premises. The application was rejected upon the ground that retail liquor licenses were required to be issued by the City upon the basis of population, as provided by Chapter 23351, supra, and that the entire permissible quota of licenses based upon such population requirements had been issued prior to the time that Wilder had filed his application. Wilder thereupon instituted a proceeding in mandamus to require the City to issue the license, the statute notwithstanding, it being contended by the relator in the action that chapter 23351 was unconstitutional and void. On motion to quash, the trial court upheld the validity of the statute and quashed the alternative writ. The relator has taken an appeal from the judgment. The question is whether the state legislature has power by local law to restrict the number of retail liquor licenses that may be issued by a municipality in a wet county, by providing that the maximum number of licenses issued shall be determined in proportion to population.

The power of the legislature to enact special or local laws is determined by the Constitution. Article III of the Constitution precludes the Legislature from passing special or local laws in certain enumerated cases, but in all cases not ex-

pressly enumerated, special or local legislation may be enacted. See Secs. 20, 21, Article III, Constitution of Florida. Article III does not forbid special or local legislation with reference to the regulation of the manufacture, sale, or distribution of intoxicating beverages within the state. Therefore, unless chapter 23351, Laws of Florida, 1945, is violative of some other section of the Constitution its validity must be upheld.

It is contended by the appellant that the challenged statute is violative of Article XIX of the Constitution. The proposition urged is that inasmuch as Article XIX makes the several counties of the state the units for the determination of the question of local option by election, all legislation for the regulation of intoxicating beverages, including the issuance of licenses for the sale thereof, must likewise be dealt with by the legislature on a county basis. Stated differently, the contention is that though the Legislature may have authority by local law to limit the number of state licenses which may be issued by any particular county, the lawmaking body is prevented by the terms of Article XIX from limiting the number of licenses which may be issued in a municipality within the county.

We find no such limitation or restriction in Article XIX of the Constitution. While section 1 of Article XIX provides that the various counties of the state be the units in which special elections shall be held "to decide whether the sale of intoxicating liquors, wines or beers shall be prohibited therein," section 1 does not undertake to deal with the question of the regulation of the traffic within the counties once the counties have determined by special elections that the sale of such beverages shall be permitted or authorized therein. So far as the regulation of the liquor business is concerned, that matter is dealt with in section 2 of Article XIX, and under that section the legislature may enact such regulatory measures, either by general, special, or local legislation, as it may deem best for the public welfare, short of actual or practical prohibition of the subject matter legalized. See Ex Parte Pricha, 70 Fla. 265, 70 So. 406. And there is nothing either in section 1 or 2 of Article XIX to suggest that such

legislation may not treat the municipality as the unit for regulation.

Appellant also submits that chapter 23351, Laws of Florida, 1945 is invalid in that it violates section 24 of Article III of the Constitution which provides that the legislature "shall by general law classify cities and towns according to population, and shall by general law provide for their incorporation, government, jurisdiction, powers, duties and privileges under such classification, *and no special or local laws* incorporated in the cities or towns providing for their government, jurisdiction, powers, duties and privileges shall be passed by the Legislature." It is maintained by the appellant that in view of this Article, the challenged statute is arbitrary and unreasonable in that it attempts to place the City of Jacksonville in a class by itself in respect to the issuance of liquor licenses.

The contention is without substance. Section 24 of Article III is a mandate from the people to the legislature to establish a uniform system of county and municipal government throughout the state, but this section of the Constitution is not self-executing. It requires legislative action before it can accomplish its purpose. Until such time as the Legislature sees fit to establish, by general law, the uniform system of government contemplated by this section of the constitution, the power of the legislature to enact special or local laws in cases not expressly enumerated in section 20, Article III, for the government, jurisdiction, powers, duties and privileges of the municipalities is in nowise impaired or altered. See State v. Alsop, 120 Fla. 628, 163 So. 80; State v. Belle Glade, 121 Fla. 200, 163 So. 564; State v. Jones, 121 Fla. 216, 163 So. 590; State v. Emerson, 126 Fla. 576, 171 So. 663; State v. Ault, 129 Fla. 686, 176 So. 789; American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524; City of Miami v. State, 139 Fla. 598, 190 So. 774.

Finally, it is argued that the statute is arbitrary and capricious, and without reasonable basis of classification, in that it selects the figure of 2,277 as the number of persons whose residence is required in the City of Jacksonville before the issuance of a license will be authorized. The answer to

the contention is that if the Legislature has the constitutional power to say that the number of licenses to be granted in a municipality shall not exceed a specified ratio to the number of inhabitants within the municipality, it likewise is invested with a broad discretion in the exercise of the police power to determine what the ratio shall be. And so long as the ratio fixed does not result in absolute or practical prohibition within the community affected, the legislative discretion will not be disturbed. Statutes of the nature here involved have been universally upheld, even as against the attack that they deny equal protection of the laws, create an illegal monopoly, discriminate in favor of a limited number of licensees, and amount to class legislation. See 124 A.L.R. note page 829; 30 Am. Jur. 314, intoxicating Liquors, Sec. 107.

We think that the decisions are well founded. It is plain to us that the legislature could have included within the framework of the 1935 Beverage Law a provision that retail liquor licenses should be issued within the municipalities of the state on the basis of population only. There is nothing in Article III, section 20, or elsewhere in the Constitution, to prevent local laws on the subject. It is our view, therefore, that chapter 23351, Laws of Florida, 1945, is constitutional and valid as against the grounds asserted and that the judgment appealed from must be affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.