## HILL, et al v. CITY OF HIALEAH.

Circuit Court, Dade County.

December 21, 1954.

Martin F. Whelan, Jr., Hialeah, and Anderson & Nadeau, Miami, for plaintiffs.

Sibley & Davis, Miami Beach, for all defendants except the mayor.

Arthur W. Primm, Miami, for the mayor.

VINCENT C. GIBLIN, Circuit Judge.

The legislature, during its 1953 session, enacted chapter 29113, a special act by which the members of the council of the city of Hialeah who should be elected September 8, 1953, were empowered to appoint seven electors of the city as a charter board. The legislature, by the Act, authorized such board to prepare "a proposed new city charter," and provided that if it should be approved by a majority of the electors (voting in an election called for the purpose of submitting to the electors the question whether the proposed new charter should be approved or rejected), it should "become the charter of the city of Hialeah;" and it was further provided by such act that such approval would effect automatically the repeal of "all laws and parts of laws in conflict" with the new charter.

Pursuant to the act a board was appointed, "a proposed new city charter" was prepared, and, at an election held February 2, 1954,

the proposed charter was approved by a majority of the voters who participated in the election.

The majority of the electors who approved the board's product availed themselves of the power delegated by the act, not merely to adopt the form of municipal government they prefer, but to abolish the municipality which has existed and functioned under chapter 11516, Special Acts of 1925, and amendatory acts, to prescribe all the powers and jurisdiction of the new municipal government, and to effect a repeal of all laws and parts of laws in conflict with the new charter.

The principal question involved in this litigation is whether the legislature, by empowering a majority of the electors to approve and effectuate, *without subsequent legislative scrutiny and ratification,* the charter prepared by the appointed municipal board, unconstitutionally relinquished and delegated a power which is vested exclusively in the legislature itself by the state constitution.

In section 8 of article 8 of our constitution it is provided that "the legislature shall have power to establish, and to abolish, municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time."

Because of the quoted constitutional provision, our Supreme Court has steadfastly refused to hold that the legislature can delegate *unlimited* authority to a municipality, or to a majority of its electors, to prescribe the municipality's jurisdiction and powers and to alter or amend such jurisdiction and powers. On the contrary, the appellate court has consistently held that the legislature cannot surrender to any other agency such unlimited power. See Pursley v. City of Fort Myers (Fla.), 100 So. 366 (and authorities cited in the opinion).

It is true, as the court pointed out in its opinion in the cited case, that the doctrine of municipal "home rule" has met with favor in some western states which, *in their constitutions,* have made *special provision* for such "home rule" so that the voters of municipalities need not appeal to their state legislatures for charter revisions and amendments. Our constitution, however, contains no such special provision. The Florida League of Municipalities, I am told, is advocating the adoption of a constitutional amendment by which the quoted provision of section 8 of article 8 shall be revised to accord "home rule" to municipalities; but until such an amendment shall have been adopted the power "to establish, and to abolish, municipalities, to provide for their government, to pre-

scribe their jurisdiction and powers, and to alter or amend the same at any time," remains vested in our state legislature and it cannot constitutionally delegate its power even to a majority of the electors of a municipality.

The plain mandate of our constitution and the holdings of our Supreme Court impel me to the conclusion that, by the challenged provisions of chapter 29113, the legislature has violated the paramount organic law.

It should be borne in mind by those who may be prone to regard my decision as an unwarranted thwarting of the will of the majority of the voters of the affected municipality, as expressed at the polls, that constitutions exist for the protection of minorities against the prohibited exercise of power by majorities. If the will of the majority should always prevail, there is no need for constitutional limitations and restrictions.

It is ordered that the defendants' motion for a summary final decree on the pleadings be, and it is, granted; and it is declared and decreed (1) that the plaintiffs, as citizens, residents and taxpayers of the city of Hialeah, have properly invoked the provisions of the declaratory decree statute (chapter 87 of the Florida Statutes) and that they are entitled to the relief accorded by this decree; (2) that chapter 29113, Laws of Florida, Special Acts of 1953, in so far as it delegated to a majority of the electors of the city of Hialeah the power to approve and adopt, as the charter of such city, the proposed new city charter prepared by the charter board appointed under such act by the council of such city, and in so far as it delegated to such majority of the electors the power, by their approval and adoption of such new charter, to effectuate an automatic repeal of all laws and parts of laws in conflict with such new charter, is violative of the provisions of section 8 of article 8 of the constitution of the state of Florida and is, therefore, unconstitutional and void; (3) that chapter 11516, Laws of Florida, Special Acts of 1925, as constitutionally and validly amended, is, and shall remain (until constitutionally and validly repealed, amended or altered), the charter of the city of Hialeah, the municipality created by such chapter 11516; (4) that the court shall, and does, retain jurisdiction of this cause for the purpose of (a) enforcing and effectuating the provisions of this decree and (b) granting such further relief, based on this decree, as shall be necessary or proper; and (5) that the plaintiffs be, and they are, required to pay all accrued and unpaid costs of this suit.