DREW, Justice.
The State of Florida appeals from a final decree of the Circuit Court of Dade County validating $2,909,000 water revenue bonds and $5,445,000 sewer revenue bonds of the City of North Miami Beach, Florida.[1]
Thirteen errors were assigned but the only question presented for decision by ap *765 pellant is whether the power vested in the Board of County Commissioners of Dade County, Florida under Art. 1, Sec. 1.01A (9) of the Home Rule Charter [2] to provide and regulate or permit municipalities to provide and regulate a sewerage and water supply system precludes the appellee City from issuing the subject bonds without first obtaining a permit from such Board of County Commissioners to purchase and operate such water supply and sewage disposal system, a part of which lies outside the corporate limits. The State argues that the opinion of this Court in State v. City of Miami[3] is not determinative of this question because the project involved in that case to use the State’s language “did not seek to bring in new unincorporated areas” but related solely to the issuance of bonds pledging revenues from the water system within the City of Miami.
There is no merit in the State’s contention. The provision of the Home Rule Charter vesting this power in the Board of County Commissioners is not self-operating.[4] It vests in the Board the power to regulate or permit the municipalities within Dade County to provide and regulate waste and sewer collection and disposal and water supply programs but, as we pointed out in State v. City of Miami, supra, “such power has no effect until exercised in accordance with the Constitution and laws.” Until the Board of County Commissioners properly exercises the power which it has but which it is not required to exercise, the power of the municipalities within Dade County under their respective charters or the applicable general laws of this State with regard to water supply and sewerage disposal systems is unimpaired.
Appellee City presents nine points for our determination and argues them at length. There was no cross-appeal and inasmuch as none of said points were argued by appellant and none present any jurisdictional or fundamental error apparent in the record on appeal we decline to notice them.[5]
Affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.

. The exact language of the Charter follows:
“A. The Board of County Commissioners shall be the legislative and the governing body of the County and shall have the power to carry on a central metropolitan government. This power shall include but shall not be restricted to:
# * >}: * *
“(9) Provide and regulate or permit municipalities to provide and regulate waste and sewage collection and disposal and water supply and conservation programs.”

. Fla.1958, 103 So.2d 185. 188.

. Compare State ex rel. Matthews v. Alsop, 1935, 120 Fla. 628, 163 So. 80. Also see Miami Shores Village v. Cowart, Fla., 108 So.2d 468.

. Florida Appellate Rule 3.7, subd. i, 31 F.S.A. provides:
“Points Not Argued, Are Abandoned. Such assignments of error as are not argued in the briefs will be deemed' abandoned and may. not be argued orally. However, the Court, in the interest of justice, may notice jurisdictional or fundamental error apparent in the record-on-appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, or of an objection or exception in the court below.”